Battle, J.
 

 Upon the direct authority of the cases of
 
 Gilliam
 
 v.
 
 Micks,
 
 4 Dev. Rep. 217, and
 
 Dunns, McIlvaine,
 
 and
 
 Brownley
 
 v.
 
 Jones,
 
 4 Dev. and Bat. Rep. 154, and for the reasons therein given, which it is unnecessary for us to repeat,we are bound to allow the motion made by the plaintiffs’ counsel, and to dismiss the defendants’ appeal. It is true that the defendants, in the Court below, pleaded severally not guilty, and the jury found them severally guilty, yet the damages assessed were for one entire sum against all, as they ought to have been
 
 (¡Sir John Muydanfs case,
 
 11 Coke’s Rep. 5.
 
 Lawfield
 
 v.
 
 Brancroft,
 
 Strapge’s Rep. 910,) and the judgment thereon was of course a joint one against all. Nor can the cases of
 
 Stiner
 
 v.
 
 Cawthorn,
 
 4 Dev. and Bat. Rep. 501 and
 
 The State
 
 v.
 
 Justices of Moore, 2
 
 Iredell’s Rep. 430, cited for the defendant, help him. Both those cases fully recognise the authority of
 
 Hicks
 
 v.
 
 Gilliam,
 
 and
 
 Dunns, McIlvaine and Brownley
 
 v.
 
 Jones,
 
 and are decided upon
 
 *373
 
 principles not applicable to them, nor to this case. The motion to dismiss the appe? I from this Court in
 
 Stiner
 
 v.
 
 Caiuthorn,
 
 was refused upon the ground, that though there were other defendants iu the County Court, yet as no motion was made to dismiss Cawthorn’s appeal from the Superior Court, and that Court did, in fact, entertain jurisdiction of the case, and gave judgment against him alone, his appeal to the Supreme Court was proper, and could not be dismissed from that Court. The other case of
 
 The State
 
 v.
 
 The Justices of Moore,
 
 was put upon the intelligible and proper ground, that the suit against the Justices, was not against them as several persons, acting as individuals, but as a corporate body, acting through the medium of a majority of its members. The judgment was therefore against them in the same capacity, and an appeal from it by a majority was in effect, an appeal by the whole body.
 

 Per Curiam. The appeal dismissed.