## WASHINGTON COUNTY v. MILLER.

1. EVIDENCE: PENALTY. When a person is prosecuted for refusing to take the oath prescribed by § 734 of the Revision, it is sufficient to show that the assessor requested the defendant to take the prescribed oath, and that he refused, without showing that it was actually administered, and the party failed to take it.

2. IRREGULARITIES IN QUALIFICATION NO DEFENSE. When the assessor has filed a bond and taken the oath of office, he is an officer *de facto*, and a party refused to take the required oath cannot escape liability by showing that the bond was informal, or any other mere irregularity in qualifying.

3. EVIDENCE of ELECTION. In such prosecution it is not necessary for the county to show, in the first instance, from the records of the township, the election and qualification of the assessor. It may be shown by his own oath.

Washington County v. Miller.

*Appeal from Washington District Court.*

THURSDAY, APRIL 16.

ACTION to recover the penalty prescribed by the statute for refusing to verify the assessment list furnished by the defendant to the assessor. The cause was tried by the court without the intervention of a jury, and the court found that the assessor called upon the defendant and requested him to assist him (the assessor) in listing his (the defendant's) property ; that the defendant gave in certain property as liable to taxation, which property was listed ; that the assessor then requested the defendant to be sworn or affirmed to the correctness of the list, but that he refused so to do. On the trial, the court permitted the plaintiff to show that the assessor was acting as such when the request was made, by his own oath, and refused to admit evidence offered by defendant to show that the assessor's oath of office was not indorsed on his bond, or appended thereto. Judgment for the plaintiff, motion for a new trial overruled, and the defendant appeals.

*J. R. Lewis* for the appellant.

*Patterson & Sherman* for the appellee.

WRIGHT, J.— I. Where a person is prosecuted under § 724 of the Revision of 1860, for refusing to make the oath or affirmation therein required, it is not necessary to prove that the assessor *administered* said oath, and that the party failed to make it. If he is requested to make it and refuses, without sufficient excuse, he is liable.

II. If the assessor filed his official bond, took the oath of office, and entered upon the discharge of his duties, he became an officer *de facto*, at least, and the party refusing

to take the required oath cannot escape liability by show-ing that the bond was informal, that the oath was not indorsed upon his bond, or any other similar irregularity. The party charged cannot, except at his peril, undertake to determine that the officer has not been qualified so as to entitle him to discharge the duties of his office.

III. In such prosecution it is not necessary for the county to show, in the first instance, from the township record, the election and qualification of the assessor, and especially is this true, when the defendant did not base his refusal to take the oath upon the fact that the officer was not the assessor of his township. It may be shown by the assessor's own oath that he was the assessor, and was acting as such at the time of such refusal.

Affirmed.