MARION CO. v. KRUIDENIER.

THE SAME v. BOUSQUET.

**1. Taxation:** REFUSAL OF TAX-PAYER TO MAKE OATH: WHAT IS NOT. Section 824 of the Code requires the tax-payer, when his property is listed, to make oath or affirmation that he has given in a full, true and correct inventory of all property which he is required to list for taxation; and section 823 provides a penalty for refusing so to do, when required by the assessor. *Held* that the statute, being penal, must be strictly construed, and that the penalty was not incurred by refusing to subscribe printed affidavits which the assessor presented to the defendants and requested them to subscribe, without offering to administer to them the oath or affirmation required by the statute.

*Appeals from Marion Circuit Court.*

TUESDAY, JUNE 21.

THESE are actions for the recovery of the penalty provided by section 823 of the Code for the refusal by a person assessed for taxation to take the prescribed oath or affirmation that he had given a full, true and correct inventory of his taxable property. The circuit court found for defendant in each case. The causes, being alike, were submitted together in this court. Plaintiff appeals.

*T. J. Anderson,* for appellant.

*Bousquet & Earle,* for appellees.

REED, J.—Section 824 of the Code is as follows: " The assessor shall administer an oath or affirmation to each person assessed, to the effect that he has given in a full, true and correct inventory of all the taxable property owned by him, and all property which he is required by law to list, to the best of his knowledge and belief, and, in case any one refuses to make such oath or affirmation, the assessor shall note the fact in the column of remarks opposite such person's name." Section 823 provides that " any person who shall refuse to make the oath required by section 824 shall forfeit

the sum of $100, to be recovered, in the name of the county, for the use of common schools."

The only question in the cases is whether the allegation in the petitions, that the defendants did refuse to make the prescribed oath, is sustained by the proof. The causes were submitted below on the testimony of the assessor; and, as it was the same in both cases, it will be sufficient to set it out as given in the first case. In that case he testified as follows: "I called on D. Kruidenier to list his property. When making the assessment, Mr. Kruidenier assisted in assessing his property, and the property of Kruidenier Bros. I think first his individual property was listed; then the property of Kruidenier Bros. was listed. After we got through and finished the list, I offered Mr. Kruidenier a blank that was filled up, to which there is an oath attached, and requested him to sign it, and verify it as his statement by putting his signature to the oath. It was the blank on which his individual property was assessed. He said: ' Do you consider this an affidavit or an oath ?' And I said: "I do. Can't you read?' He said: ' If that is an oath or affidavit, I will not sign it.' I then told him that I had no authority to make him sign it; that I could simply make the request, and, if he refused, that was all that I could do. I then transcribed the property in the assessor's book; and reported in the column of remarks, as I supposed the law required, that he had refused to take the oath."

The oath or affidavit attached to the statement was in the form prescribed by statute. It will be observed that the requirement of section 824 is that the assessor shall administer an oath or affirmation to the person assessed. There is no requirement that the person shall take and subscribe an oath. It will be observed, also, that what defendants refused to do was to subscribe their names to the printed affidavits. There was no express offer by the assessor to administer the oath to them, nor did they expressly refuse to take it. The statute which they are charged with having violated is penal

in its nature; that is, it prescribes a penalty or forfeiture which is to be imposed upon those who disobey its require- ments. Statutes of that character should be strictly con- strued. The penalties or forfeitures prescribed by them can be imposed only for the very acts or omissions which are denounced by them. As the refusal of defendants was to do an act which is not required by the statute, and as they did not refuse to do what it required of them, it is quite clear that they did not subject themselves to the penal provision.

AFFIRMED.