P. J. SIBERLING, Guardian, Etc., v. H. B. CROPPER, County Treasurer, Appellant.

**Taxation:** LISTING AND ASSESSING OMITTED PERSONAL PROPERTY.
1   Section 1, Chapter 50, Acts of the 28th General Assembly is to be read in connection with Code Section 1374 by which the county treasurer is authorized, upon notice, to list and assess personal property which has, for any cause, been omitted at any time within five years from the date at which it should have been assessed.

**Same:** COMMENCEMENT OF FIVE YEAR LIMITATION.    The five year
2   limitation for the assessment and collection of omitted personal property taxes commences to run the first Monday in April of each year.

**Limitation Not Suspended.**    Code section 3448 in relation to the
3   suspension of the statute of limitations by fraud or mistake, held not to apply.

*Appeal from Black Hawk District Court.*—HON. FRANKLIN
C. PLATT, Judge.

TUESDAY, FEBRUARY 3, 1903.

PLAINTIFF, as the guardian of certain minors, had in
his possession on the 1st day of January, 1896, moneys
and credits belonging to them, which were withheld from
taxation for that year.    It was admitted that the omission
was not discovered by the treasurer until December, 1901.
On the 21st day of that month the treasurer commenced
proceedings under chapter 50, Acts 28th General Assembly,
by service of notice, and at the same time made a written
demand on the plaintiff for the amount claimed.    There-
after the treasurer listed and assessed the property.    Upon
appeal to the district court, the assessment was set aside,
and the defendant appeals.—*Affirmed.*

*Courtright & Arbuckle* and *A. B. Lovejoy* for appellant.

*Edwards & Longley* for appellee.

SHERWIN, J.—The controlling questions in this case
are whether the five-year limitation period fixed by sec-
tion 1374 of the Code applies to proceedings under chapter
1. LISTING and 50, Acts 28th General Assembly, and, if so,
assessing
omitted per-   when this preiod begins.   As said in *Lambe v.*
sonal prop-
erty.          *McCormick,* 116 Iowa, 169, chapter 50 "is not
in itself a complete provision for the assessment by the
treasurer of omitted property."    To give it any force in
this respect, it must be construed either in connection with
section 1398, or with section 1374, of the Code.    But the
former section relates alone to real property, and seems
to be in itself sufficient for the purpose intended, while
the latter clearly provides for reaching personal property
which has been omitted from taxation; and, in the view
of the writer, chapter 50, so far as applicable to this sub-
ject, was intended as an aid to said section.    The treasurer

had no power under section 1398 to list and assess personal property, and Code, section 1374, did not give him such power in express terms, although we held in *Galusha v. Wendt*, 114 Iowa, 597, that he had such power for the purpose of laying the foundation for the action therein provided for. But the legislature evidently intended to remove any doubt as to this, and to provide for an independent assessment by the treasurer by enacting the later law as a supplement thereto. And it is manifest from a careful examintion of its scope and purpose that such was the intent, and that it must be construed in connection with Code, section 1374, under which the treasurer was authorized to demand, at any time within five years from the date the property should have been assessed, the amount it should have been taxed; and, unless this was done, he could not maintain an action therefor. Section 1 of chapter 50, Acts 28th General Assembly, read in connection with section 1374, provides, by implication, for an assessment by the treasurer after proper notice; and we think this assessment must be made wit in the five years designated in section 1374. See *Jewett v. Foote*, 119 Iowa, 359.

The language of section 1374 is that "when property subject to taxation is withheld, overlooked, or from any other cause is not listed and assessed," the treasurer shall, "within five years from the date at which such assessment should have been made, demand," etc.; and the question arises as to what "date" is meant therein. In our judgment, it must be held to mean during the time the work was in the hands of the assessor. He is the only one who has authority to call upon the property owner for assistance in listing and assessing his property, and this it is the duty of the property owner to render; and, if property is withheld or overlooked, the primary cause thereof must always arise while the matter is under the control of the assessor. The local

2. SAME; commencement of five year limitation.

board of review, the auditor, and the treasurer, may add property to the assessment roll, but none of them can compel the owner to appear and assist them in so doing. Hence we hold that the "date at which the assessment should have been made" means a time not later than the first Monday of April in each year,—the time provided for turning the assessment rolls over to the local board of review. And nothing contrary to this view is held in *Galusha v. Wendt, supra*, because no question of the kind was therein involved.

Finally, it is said that, as the property was withheld from taxation, it was eit)er a fraudulent act or a mistake, and that section 3448 of the Code applies. There are two 3. LIMITATION sufficient reasons why this cannot be so. In not suspended. the first place, to so hold would be to destroy absolutely the plainly expressed limitation of the statute governing all cases of this kind. In the second place, the limitation inheres in the very statue giving the treasurer power to act at all, and governs to the exclusion of any other statute of limitation. *Hawley v. Griffin*, (Iowa) 92 N. W. Rep. 113.

We reach the conclusion that the judgment is right, and it is AFFIRMED.