J. A. THORNBURG, Treasurer of Dallas County, Iowa, Appellant, v. LEANDER E. CARDELL, Guardian of Elias Cadwell, (a person of unsound mind), AND ELIAS CADWELL, Appellees, AND WEBSTER COUNTY, IOWA, J. F. FORD, Auditor, AND J. A. LINQUIST, Treasurer of said County; KOSSUTH COUNTY, IOWA, M. P. WEAVER, Auditor, AND J. H. WARD, Treasurer of said County, Appellants.

Appeal: JOINT NOTICE. Several parties against whom a single judgment is rendered may join in an appeal without regard to their respective interests as affected by the judgment.

Assessment of Omitted Property by Treasurer. Under Code section 1374 limitation of the right of a county treasurer to assess omitted property commences to run at the date it should have been assessed.

Assessment of Omitted Property by Auditor. A county auditor has no power, under Code section 1385 and amendments, to list and assess omitted property except for the current year.

Collection of Taxes: PLEADINGS. An assessment of property in some form is essential to a recovery of taxes, and an allegation of demand and refusal to pay the tax does not amount to a showing of an assessment or notice thereof.

Assessment of Property. NOTICE. Under Code Section 1374, as amended by Chapter 50, Acts 28th General Assembly, there can

be no valid assessment of property for taxation unless the owner has had notice of the assessment, and an opportunity to be heard.

**Assignment of Error.** As a general rule where there is a joint assignment of error, the point must be good as to all or it will not be considered, but error may be so assigned as to be joint and several, or joint or several, depending on its nature.

*Appeal from Dallas District Court.*—HON. J. H. APPLE-GATE, Judge.

THURSDAY, MAY 28, 1903.

ACTION brought under Code, section 1374, as amended by Acts 28th General Assembly, page 33, chapter 50, against defendant, as guardian of the estate of Elias Cadwell, an insane person, and against Elias Cadwell personally, for whom a guardian *ad litem* was appointed, to recover taxes on property omitted from taxation for the years 1895, 1896, and 1897. Answer in general denial, and cross-petition against Webster county and Kossuth county, and the respective officers thereof, alleging that they claim the right to collect taxes on the same property for the same years, and asking that such counties and their officers be made parties defendant, and required to submit to the court for determination the question of their right to such taxes; asking, also, that said counties and their officers be restrained from taking steps to enforce the payment of claims on account of such alleged taxes unpaid on said property. Webster county and Kossuth county, and the proper officers of each, having appeared in the action in response to the cross-petition, filed answers and cross-petitions as against Cadwell and his guardian, asserting respectively the right to recover certain sums as taxes on property omitted from taxation. Separate demurrers were interposed to plaintiff's petition and the cross-petitions for Webster county and Kossuth county, respectively, which demurrers were sustained by the trial court; and, the three parties each standing upon their respective pleadings, judgment was rendered in favor of the original

defendants, and jointly against the plaintiff, Webster county, and Kossuth county, for costs, from which these parties appeal.—*Reversed.*

*A. B. Cummins* and *E. W. Dingwell* for appellant Thornburg.

*C. W. Hackler,* County Attorney, and *Wm. T. Chantland* for appellants Webster County and its officers.

*Charles Cohenour,* County Attorney, and *George E. Clarke* for appellants Kossuth County and its officers.

*Giddings & Winegar* and *H. G. Giddings,* guardian *ad litem,* for appellees.

McCLAIN, J.—Appellees' motion to dismiss the appeal on the ground that the appellants, though not co-parties, have improperly attempted to perfect the appeal by a joint notice of appeal, is submitted with the case, and should be first determined. The theory of counsel for appellees seems to be that as three separate pleadings were filed in behalf of the plaintiff, Webster county, and Kossuth county, and separate demurrers were interposed to each of these pleadings, the appellants should have served separate notices of appeal. It is enough to say, in answer to this contention, that but one ruling was made on the three demurrers, and they were sustained on the same grounds, and the court thereupon rendered a joint judgment against the three appellants for costs. The appeal is from this judgment, and we think there can be no impropriety in the joinder of parties against whom a single judgment is rendered in a notice of appeal from such judgment. Indeed, such seems to be the proper practice, even though the parties appealing have not a common interest. *Kaehler v. Halpin,* 59 Wis., 40 (17 N. W. Rep. 868); *Sharon v. Sharon,* 68 Cal., 326 (8 Pac. Rep. 614); *Benbow v. Garrard,* 139 Ind., 571 (39 N. E. Rep. 162); *Donnell v. Shields,* 30 N. C. 371; *Smith v. Cunningham,* 30 N. C. 460; 2 Cyc. 763. It is true that by the provisions of our Code one of several co-parties may ap-

*I. APPEAL: joint notice.*

peal by serving notice on other co-parties, and that
such other co-parties, refusing to join, cannot after-
wards appeal in their own right. Code, sections 4111,
4112. But there .is nothing in the provisions of our
Code, so far as we have been able to discover,· nor in the de-
cisions of this court, rendering improper a joint appeal by
all the parties against whom a joint judgment is rendered,
regardless of what may be their respective interests as affected
by such judgment. The motion to dismiss the appeal is
therefore overruled.

   This case was decided in the lower court prior to any of
the decisions under the provisions of the Code of 1897 and
amendments thereto, relating to the enforcement of taxes on
property concealed or omitted from assessment. The de-
cisions of this court rendered since that time have disposed of
all the fundamental questions involved in this appeal. See
Galusha v. Wendt, 114 Iowa, 597; Lambe v. McCormick,
116 Iowa, 169; Bell v. Stevens, 116 Iowa, 457; Beresheim
v. Arnd, 117 Iowa, 83; Mead's Estate v. Story County, 119
Iowa, 69; Siberling v. Croper, 119 Iowa, 420.

   A brief statement of the application of these decisions to
the present case, so far as any questions of doubt are involved,
is all that is necessary. The points to be considered are:
First. From what time should the five-year limitation pro-
vided for in Code, section 1374, on the right of the treasurer
to collect taxes on concealed or omitted property, be com-
puted? Second. Can the auditor, under Code, section 1385,
and chapter 47, page 31, Acts 28th General Assembly assess
concealed or omitted property, without limitation of time?

   The facts in this case bearing upon the first question are
that plaintiff's action was brought in November, 1900, and
the treasurer seeks to recover not only taxes omitted on prop-
3. Assessment  erty in 1896 and 1897, but also on property
of omitted
property by   omitted in 1895, as to which the assessor should
treasurer.    have made his assessment prior to the 1st of
April (Code, section 1365), and as to which the board of re-
view should have acted prior to the 1st day of May (Code,

section 1370), and which should have been included on the tax lists delivered to the treasurer by the auditor on the 31st day of December (Code, section 3187). It is argued that up to the 31st day of December this omitted property might have been placed upon the tax lists, and therefore that the right of the treasurer to bring action under Code, section 1374, did not accrue until that date, and that the five-year period of limitation did not commence to run until that date. But the language of section 1374 is that the treasurer may bring action "at any time within five years from the date at which such assessment should have been made," and the omission of the taxpayer which constitutes such fault on his part as to justify the extraordinary remedy provided for by Code, section 1374, is the omission to have his property duly returned by the assessor. *Galusha v. Wendt,* 114 Iowa, 597, 606. We think, therefore, that the five-year limitation on the treasurer's right to act under section 1374 is to be computed from the completion of the work of the assessor, to-wit, April 1st. It is not material, in construing this language of the statute, to determine when the treasurer might have first brought suit, but only to determine what is the limitation on his right to bring suit thereby imposed. Our conclusion is that plaintiff's action was brought too late to entitle him to recover for taxes omitted from assessment in 1895. This point has, indeed, been expressly decided in *Siberling v. Croper,* 119 Iowa, 420.

With reference to the second question above indicated, to-wit, the right of the auditor of Webster county to add to the tax lists of 1900 an assessment for omitted property of

3. ASSESSMENT of omitted property by auditor.

the defendant from 1888 to 1895, inclusive, and also for like omissions from assessment in 1896 and 1897, it is scarcely necessary to add anything to what has already been said by this court in the case of *Mead's Estate v. Story County,* 119 Iowa, 69. It is there held that the power of the auditor, under Code, section 1385, and chapter 47, page 31, Acts 28th General Assembly is limited to the correction of the tax lists for the current year,

so as to include therein taxes which should have been entered on such lists. The conclusion there stated is that, "save as to a current year, the duty of assessing and listing omitted property for taxation rests with the county treasurer, and that under the statute the county auditor has no authority to act in such cases." No doubt, the auditor may act on any given tax list after it has passed into the hands of the treasurer, for that seems to be expressly contemplated by the statutory language. But he can act with reference to any such list only for the purpose of adding thereto taxes on property omitted from assessment for the year represented by such list. It is plain, then, that the county of Webster cannot, by any action of its auditor, have placed on the tax list for the year 1900 any assessment on property omitted from taxation for prior years, whether those years were within or beyond five years from the time when the auditor attempted to act.

OPINION ON REHEARING, WEDNESDAY, MARCH 9, 1904.

DEEMER, C. J.—After the original opinion was filed in this case, counsel for appellee presented a petition for a rehearing, in which they called our attention to one point which was overlooked on the original submission. That had reference to the failure of the plaintiff Thornburg, as treasurer of Dallas county, to list or assess defendant Cardell's property before bringing suit. Plaintiff Thornburg alleged in his original petition that he had made demand of said defendant Cardell for the payment of the taxes sought to be recovered with interest, and that defendant failed and refused to pay the same. One of the grounds of defendant's demurrer to this petition was that "no assessment of said property had been made, and that no tax could legally be levied or collected without an assessment." This point was overlooked when writing the former opinion, and a rehearing was granted as to appellant Thornburg on the proposition as to whether or not an assessment was necessary under Code, section 1374, as amended by chapter 50, page 33, Acts 28th General Assembly, before an action could be brought to recover taxes on property omitted from taxation. During the trial in the

lower court there was a waiver of an actual assessment as to Webster and Kossuth counties, but no waiver as to the action brought by and on behalf of Dallas county.

Counsel for Thornburg argue that the question thus stated was not presented to the trial court; that the defect in the petition, if any exists, was waived by failure to move for a more specific statement; that the demand alleged in the petition was equivalent to an assessment, and that in the event there was no notice or assessment, the defendant Cardell has suffered no injury, and therefore cannot be heard to complain. We find on examining the pleadings, that the point was made in the trial court, and, although perhaps not expressly passed upon by it, it was presented, and should have been considered. We are also of opinion that the pleading filed by plaintiff recites neither notice given the defendant, nor an assessment of his property. There is an allegation of a demand, which would, perhaps, have been sufficient, under section 1374 of the Code, before its amendment by chapter 50, before mentioned, but, unless this demand was sufficient under the law as it stood when the assessment was made, then there has been no assessment of the defendant's property. That an assessment in some form is a prerequisite step to an action for the recovery of taxes, is well settled by the authorities. *Worthington v. Whitman,* 67 Iowa, 190; *Appanoose County v. Vermilion,* 70 Iowa, 366; Cooley on Taxation, page 352; *Marsh v. Board,* 42 Wis. 509.

*4. COLLECTION of taxes: pleading.*

This action was commenced after the adoption of chapter 50, page 33, Acts 28th General Assembly, and the main question in the case is, should plaintiff have followed the requirements of that act as to notice, etc., before bringing his action? If that act is amendatory of section 1374 of the Code, there is no doubt that he should have done so. We have heretofore held in many cases that it is an amendatory act. *Galusha v. Wendt,* 114 Iowa, 606; *Lambe v. McCormick,* 116 Iowa, 169; *Beresheim v. Arnd,* 117 Iowa, 83; *Sieberling v. Croper,* 119 Iowa, 420.

*5. ASSESSMENT of property: notice.*

This being true, and it appearing that plaintiff did not give defendant Cardell notice of the proposed listing, and an opportunity to be heard, there was no valid assessment of defendant's property; and the plaintiff, as the representative of Dallas county, is not entitled to recover.

But it is argued that notice and an opportunity to be heard were not essential to the validity of the assessment, and that in no event has the defendant suffered any injury or prejudice by reason of plaintiff's failure to give the same. This view overlooks the fundamental proposition that it is not a question of injury or prejudice to the defendant, but of right in the plaintiff to maintain the action. Unless there was a valid assessment under the law, there was no right of action in the plaintiff, and he cannot recover. At the time this action was brought, notice and opportunity to be heard were essential to the validity of the assessment, and these absent there was no assessment.

The cases cited by appellant Thornburg on these propositions are not in point. In none of them was there any such statutory requirement as to notice as appears in chapter 50, page 33, Acts 28th General Assembly. Our Legislature has seen fit to require notice, and the requisite steps must be followed, to make a valid assessment.

This disposes of the appeal as to the appellant Thornburg, and it follows that as to him the judgment must be affirmed.

Appellee Cardell also argues that, as the case is affirmed as to Thornburg, it must also be affirmed as to the other defendants, because they unite in their assignments of error. 6. ASSIGNMENT of error. In view of the order made in granting the petition for rehearing, we need not consider this proposition. However, the case of *Fisher v. Thirkell*, 21 Mich. 124 (4 Am. Rep. 422), in discussing statutes with reference to assignments of error very similar to our own, before the recent repeal thereof, holds very properly that such assignments of error as were made in this case may be treated as joint and several, or joint

or several, according to the nature of the error as-signed. Under the peculiar facts of this case, we think that one of the parties joining in the assignment may fail, while another may succeed. The general rule, of course, is that upon joint assignments of error the point must be good as to all, else it will not be considered; but owing to the peculiar nature of this action, that rule does not apply.

The result of the whole matter is that the demurrer to the plaintiff Thornburg's petition was properly sustained, and that the demurrers to the cross-petitions of Webster and Kossuth counties should have been overruled. The case, as to these two last mentioned counties, will be reversed, and the cause remanded to the district court for such further proceedings as may be necessary with reference to taxes for the years 1896 and 1897. The defendant Cardell will pay two thirds of the costs of this appeal, and the plaintiff Thornburg one third.

Affirmed in part, and reversed in part.