THE GERMAN SAVINGS BANK OF MANNING, Appellant, v. WM. TROWBRIDGE, County Treasurer, Appellee.

**Taxation:** AUTHORITY OF TREASURER TO INCREASE ASSESSMENT. Where property has been listed and assessed by the assessor, a County Treasurer has no authority to enter an additional assessment thereof, based on the difference between the assessed value and the actual value as found by him.

*Appeal from Carroll District Court.*— HON. Z. A. CHURCH, Judge.

WEDNESDAY, JULY 13, 1904.

PLAINTIFF, as its name implies, is a corporation doing business as a savings bank at Manning, Carroll county. The capital stock of the bank is $50,000, and is conceded to be of par value. In the year 1900 the assessor made and returned an assessment against the bank as upon its capital stock in the sum of $32,500. It appears that this was done after a conference with the bank officers, and that the reduction from the par value of the stock was on account of real estate, bank building, and fixtures owned by the bank, and representing part of its capital. In the year 1901 the same course of proceeding was observed. In September, 1902, the defendant, as treasurer of Carroll county, and acting under the provisions of chapter 50, page 33, Acts 28th General Assembly, gave notice to the bank to the effect that moneys and credits belonging to it amounting to the sum of $17,500 had been omitted for each of the years 1900 and 1901. The notice required the bank to appear at a time fixed therein and show cause to the contrary, or an assessment would be made by him against it for said sum for each of said years. The bank officers appeared and made objection, asserting that the entire property of the bank had been duly and properly assessed by

the assessor. The defendant treasurer disregarded the objection, and entered an assessment in the sum of $17,500 as for moneys and credits for each of the years named in the sum named. While the assessment was entered as moneys and credits, it is conceded that the sum was intended to represent the difference between the assessment as made by the assessor and the par value of the capital stock of the bank. From the assessment thus attempted to be made by defendant, the bank appealed to the district court. Trial being had, the court found that the shares of stock of the bank were of the value of the face thereof; that the real estate owned by the bank, and assessed as such by the assessor, was the sum of $2,800; that the defendant, as treasurer, had power to assess to the bank the difference between the full value of its capital stock and the amount returned by the assessor, plus the value of its real estate. The action of the treasurer was accordingly modified, and a decree entered directing the treasurer to enter an assessment on account of shares of stock in the sum of $14,700 for each of the years in question. From the decree so entered, the plaintiff bank appeals.— *Reversed.*

*George W. Paine* and *Berryhill & Henry,* for appellant.

*O. P. McDonald* and *Lee & Robb,* for appellee.

BISHOP, J.— The capital stock of savings banks organized and doing business under the laws of this State is to be assessed to the bank. Code, section 1322. That the assessment is to be made on the basis of the actual value of the stock, deducting real estate otherwise assessed, and that no further assessment shall be made as for moneys and credits, is clearly the thought of Code, section 1324. Accepting such to be the law, the record before us presents but one question which demands consideration at our hands: Where the capital stock of a savings bank has been listed, and an assessment made by the proper assessor, may the county treasurer, upon

finding that the assessment so made and returned is less than
the actual value of the stock, enter an assessment based upon
the difference between the assessed value and the real value
as found by him? It is conceded that the power does not
exist unless conferred by Code, section 1374, supplemented
by chapter 50, page 33, of the Acts of the Twenty-Eighth
General Assembly. By the Code section it is provided that
the treasurer shall make assessments when apprised that
property subject to taxation has been withheld, overlooked,
or from any other cause not listed and assessed. The later
act provides, among other things, for the manner of giving
notice, etc. Clearly, the purpose of the statute, and the sole
purpose thereof, was to provide the means whereby property
which had escaped the attention of the assessor or had been
withheld from his knowledge might be added to the assess-
ment rolls, and made to bear its just share of the public bur-
dens. It was not intended to have any application to those
cases where property, the subject of taxation, has been en-
tered on the assessment books — in other words, has not been
withheld, overlooked, or from any other cause not listed.
Certainly it was not intended to constitute the treasurer a
reviewing officer in respect of the work the assessor was
elected to do. The law makes him the judge of property
values, and his work is subject to review only by the board
of equalization. The effect of the decree in this case, if ap-
proved, would be to arm county treasurers with the authority
to go over the assessment rolls, and, upon giving notice,
change any or all assessments made to correspond with his
judgment as to values. We are agreed that no such course
of proceeding is authorized by the statute. The stock of the
bank having been duly entered upon his books by the assessor,
and his work having been approved by the board of equaliza-
tion, the assessment becomes a finality. This conclusion has
support in the following cases: *Snell v. Ft. Dodge,* 45 Iowa,
564; *Galusha v. Wendt,* 114 Iowa, 597; *Beresheim v. Arnd,*
117 Iowa, 83.

It follows from what we have said that the decree of the trial court must be, and it is, REVERSED.