A. B. ELLIOTT, Assignee, Appellant, v. C. W. RHOADS, County Auditor, et al., Appellees.

TAXATION: Assessment—Correction—Time Limit. The error of the assessor in deducting from the assessment of a private bank the amount of money borrowed by the banker may be corrected by the county auditor after the payment of the first installment and before the payment of the last installment of taxes.

Headnote 1: 37 Cyc. p. 1089.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

### MARCH 8, 1927.

This is an appeal from the judgment of the district court of Polk County, affirming a correction by the county auditor of the assessment of the Capitol Hill Bank. The facts are stated in the opinion.—*Affirmed.*

*Parsons & Mills* and *Gillespie & Canfield,* for appellant.

*John Fletcher,* Attorney-general, *Herbert A. Huff,* Assistant Attorney-general, and *Vernon Seeburger,* County Attorney, for appellees.

STEVENS, J.—A. B. Elliott, appellant, is the assignee of the Capitol Hill Bank, a private bank owned by G. G. Thomas, and located in the city of Des Moines. Defendant appellee is the county auditor of Polk County. A statement showing the assets and liabilities of the bank at the close of business on January 1, 1922, and all other information required of private banks for the purpose of taxation, duly verified by the oath of the president and cashier thereof, was filed with the assessor of Polk County in due time for the 1923 annual assessment. One of the items shown on the statement was $32,201.87, borrowed money. The assessor deducted this sum from the total assessable property of the bank, which deduction was not changed by the board of equalization. Sometime about May 1, 1923, the county auditor discovered the error of the assessor, and on or about that date caused a written notice to be served upon the president of the bank of said alleged error in the assessment, and fixed a time within which objections might be filed to the proposed correction of the assessment, as required by Section 1385-b of the Code Supplement, 1913. Within the time fixed by the notice, objections in writing were filed by the bank in the office of the county auditor. The objections filed recited:

"That in its return filed with the assessor, wherein it purported to show a statement of assets, liabilities, etc., as of the close of business on January 1, A. D. 1922, under the head of 'Liabilities,' there was erroneously inserted an item of thirty-two thousand two hundred one and 87/100 dollars [$32,201.87], as an amount owing for borrowed money, whereas such item should have been placed in the deposit column or entry, for

which a certificate of indebtedness or similar debenture was issued by said bank to said depositor or depositors; that, as a matter of fact, said item of thirty-two thousand two hundred and one and 87/100 dollars [$32,201.87] was in the same category as various other amounts due to depositors, for which certificates of deposit were issued, and that, as a matter of law and right, said item should not be charged against said bank as an item of taxable indebtedness.''

On March 28, 1923, $31.07 taxes were paid by the bank to the county treasurer. The record is not very clear as to whether this payment represented one half of the total tax, computed upon the basis of the assessment as shown by the assessor's books, or whether it was in full. Counsel for appellees have assumed in argument that the payment represented the first installment of the tax only, and we shall so treat it. We find no reference in appellant's argument to the claim asserted in the objections filed in the office of the county auditor, quoted above.

The alleged error in the assessment was corrected by the county auditor by addition of $32,201.87 to the value returned by the assessor, and the tax computed on that basis was paid by the appellant under protest, which, upon appeal to the district court, was sustained.

With one possible exception, all points relied upon for reversal and argued by counsel for appellant have been decided against their contentions by the prior recent decisions of this court, and we need only cite the cases. *Avoca St. Bank v. Burke,* 193 Iowa 1055; *First Nat. Bank v. Anderson,* 196 Iowa 587. See, also, Section 1385-b, Code Supplement, 1913.

The one proposition, if any, not fully covered and decided by the cases cited, is the contention of appellant that the payment of the first half of the taxes due in 1923 and the acceptance thereof by the county treasurer estopped the auditor from correcting the error in the assessment, and the county from changing the tax records and from demanding a further payment. This question was discussed and decided in *First Nat. Bank v. Hayes,* 186 Iowa 892, in which this court held that the authority of the county auditor to correct errors made by the assessor in the assessment of property exists until there has been full payment of the amount exacted by the record. Fur-

ther on this point, see *First Nat. Bank v. Anderson*, supra, wherein the holding in the *Hayes* case was reaffirmed. The error of the assessor was discovered by the county auditor shortly after the first half of the bank's taxes had been paid. The correction made before the last half became delinquent or was paid was timely.

. ' It follows that all propositions urged by appellant are fully settled and precluded by the prior decisions of this court, and the judgment of the court below must be and is—*Affirmed*.

EVANS, C. J., and FAVILLE and VERMILION, JJ., concur.