DES MOINES ELEVATOR COMPANY, a Corporation, Appellant, v. G. C. GREENWALT, Treasurer of Polk County et al., Appellees.

No. 45841.

APRIL 7, 1942.

D. Cole McMartin, for appellant.

Francis J. Kuble and James P. Irish, for appellees.

WENNERSTRUM, J.—The plaintiff sought to obtain a permanent injunction against the defendants and thereby prevent them from selling certain real estate belonging to plaintiff for claimed delinquent taxes. The taxes were, in fact, additional taxes claimed to be due and payable for the years 1937 and 1938. These taxes were sought to be collected by reason of the changed valuation of the plaintiff's property as the result of litigation to which reference will be hereinafter made. The plaintiff claimed that the taxes were illegally sought to be collected and did not constitute a lien on its property. The defendants, by way of defense, asserted that the additional tax by reason of the increased valuation for the years 1937 and 1938 was valid and legal and constituted a lien against the plaintiff's property. The trial court dismissed plaintiff's case on its merits, dissolved the temporary injunction which had been issued at the time of the filing of the plaintiff's suit, and denied the permanent injunction. The plaintiff has appealed.

The record in this case was submitted to the trial court upon an agreed stipulation of facts. They are briefly summarized as follows:

In the year 1937 an assessment in the city of Des Moines, Iowa, was made as required by law. The city council of Des Moines, sitting as a board of review, completed and revised the assessments made by the assessor, and the completed assessments were certified to the county auditor of Polk county. Thereafter the Iowa State Tax Commission, then known as the State Board of Assessment and Review, by reason of proceedings brought before it, gave consideration to the assessments in the entire city of Des Moines, and issued an order directing the local board of review to lower assessments in certain taxing districts of Des Moines and to raise the assessments in other districts.

The order of the state board of assessment and review provided that the assessments in the district in which the plain-

tiff's property is located should be raised. The local board of review refused to comply with the order of the state board of assessment and review and thereafter the state board brought an action asking for a writ of mandamus directed to the local board of review requiring it to comply with the order of the state board. On December 21, 1937, the district court of Polk county, Iowa, entered a decree denying the relief sought by the state board. On December 31, 1937, the county auditor of Polk county, certified to the Treasurer the tax books for the taxes due for the year 1937, which were due and payable in 1938. Plaintiff, during the year 1938, paid the taxes then shown by the treasurer's books of Polk county to be due from it and received a receipt which showed full payment of the taxes due.

On December 31, 1938, the county auditor again certified to the county treasurer of Polk county the tax books for the year 1938. This plaintiff paid the taxes for the year 1938, which were due and payable in 1939, as shown by the treasurer's books to be due from it, and received the treasurer's receipt showing full payment of the taxes then due.

The mandamus action brought by the state board of assessment and review, resulted in a denial of the writ in the trial court and an appeal was perfected. In an opinion filed December 30, 1938, in the case of State ex rel. Iowa State Board v. Local Board of Review, 225 Iowa 855, 283 N. W. 87, the holding of the Polk county district court was reversed and that court was directed to issue the writ of mandamus prayed for by the state board. On July 6, 1939, the district court of Polk county, in compliance with the ruling of this court in the State Board case, directed the issuance of the writ of mandamus to the local board of review of the city of Des Moines and required it to comply with the order of the state board of assessment and review made in 1937. The local board of review, in complying with the writ of mandamus issued by the district court of Polk county, reconvened for the year 1937, and in compliance with the original order of the state board raised the assessed value of the property in the district in which plaintiff's property is located and thereafter certified the change to the county auditor of Polk county, Iowa. For a more detailed comment as to the

1937 assessment in Des Moines, reference is made to the case of State ex rel. Iowa State Board v. Local Board of Review, supra.

By reason of the change of valuation as it affected plaintiff's property, the county auditor certified to the county treasurer of Polk county, Iowa, certain additional taxes for the years 1937 and 1938. An additional tax for the year 1937, in the amount of $749.35, was placed upon the treasurer's books by the county auditor on March 6, 1940, as was also an additional tax for the year 1938 in the amount of $796.56 on March 18, 1940. These last-named amounts were the additional taxes levied against plaintiff's property. The injunction suit, to which reference has heretofore been made, was brought by plaintiff, who sought to enjoin the collection of additional taxes levied for the years 1937 and 1938.

It is the contention of the plaintiff in this action that, after the tax list has been delivered by the county auditor to the county treasurer, and the taxes as shown thereon have been paid by the taxpayer and a receipt issued, neither the state tax commission nor the county auditor may correct any claimed error and seek collection and payment of additional taxes to the detriment of the taxpayer.

A situation like the one now before us has not heretofore been presented to this court, but a county auditor's efforts to levy assessments by reason of claimed omitted property have heretofore received our attention, and it is our judgment that the reasoning and comments made in cases relative to the effort to levy a tax by reason of omitted property are applicable in the present case.

In the case of First Nat. Bk. v. Hayes, 186 Iowa 892, 896, 171 N. W. 715, 716, the question involved the efforts of the county auditor to correct an error in the assessment of certain bank stock. We there said:

"The error in the assessment or tax list is one relating to perfecting the tax list in the course of preparation or thereafter, at any time prior to the payment of taxes levied. Retroactive authority is not expressly conferred on the auditor, and there is no good reason for saying that, after the tax lists have been perfected by the officers, in so far as they know, and accepted by the property owner in discharging the burden im-

posed, the auditor may go 'back of the returns' and, by the correction of errors thereafter discovered, exact payment of additional sums as taxes which neither the public nor the taxpayer knew of, or might reasonably have anticipated. There ought to be a time beyond which even an error in name, description, or valuation may not be corrected to the detriment of the taxpayer, and that time is when the proceedings relating to assessment, listing and collection of the tax, always construed *ad invitum*, have been consummated by full payment of the amount exacted by the records as they then exist.''

In a further case involving the correction of an error in the assessment or tax list by the county auditor, we said, in the case of the First Nat. Bk. v. Anderson, 196 Iowa 587, 594, 192 N. W. 6, 10:

''It would seem to be equally clear that the authority of the auditor to correct the tax lists of the preceding year continues until the taxes have been paid or otherwise legally discharged.''

In the case of Elliott v. Rhoads, 203 Iowa 218, 220, 212 N. W. 468, 469, we also made the following comment in connection with the matter of the correction of an error in the assessment and there stated:

''The one proposition, if any, not fully covered and decided by the cases cited, is the contention of appellant that the payment of the first half of the taxes due in 1923 and the acceptance thereof by the county treasurer estopped the auditor from correcting the error in the assessment, and the county from changing the tax records and from demanding a further payment. This question was discussed and decided in First Nat. Bank v. Hayes, 186 Iowa 892, in which this court held that the authority of the county auditor to correct errors made by the assessor in the assessment of property exists until there has been full payment of the amount exacted by the record.''

It will be noted in the case of First Nat. Bk. v. Hayes, 186 Iowa 892, 897, 171 N. W. 715, 716, supra, that we there said:

''There ought to be a time beyond which even an error in

name, description, or valuation may not be corrected to the detriment of the taxpayer, *and that time is when the proceedings relating to assessment, listing and collection of the tax, always construed ad invitum, have been consummated by full payment of the amount exacted by the records as they then exist.*" (Italics supplied.)

We therefore hold that in the present situation there cannot be an additional assessment placed against the taxpayer, in a proceedings such as has heretofore been referred to, and the taxpayer required to pay an additional sum, inasmuch as he has paid all that was levied against him as shown by the original records in the treasurer's office. He has already paid the taxes originally assessed against him.

In the case of Bower v. American Lbr. & Exp. Co., 195 Ala. 572, 576, 71 So. 100, 102, we find the following statement:

"The sum of complainant's contention is that it, in fact, assessed and paid, at the regular periods, all the taxes properly exactable on or for the solvent credits here involved. The facts averred show this to be true. This court has heretofore held that, when the tax charge on a subject of taxation has been once seasonably paid, it cannot be again rightfully collected. (Pickler v. State, 149 Ala. 669, 42 South. 1018), and that, where the taxes have been paid, a sale of property to effect a second collection is void (State Land Co. v. Mitchell, 162 Ala. 469, 472, 50 South. 117). A valid second assessment cannot be made of a subject of taxation that has been already assessed for taxation."

In the case of Galusha v. Wendt, 114 Iowa 597, 611, 87 N. W. 512, 517, there is found this general comment concerning the right to make a reassessment under certain conditions. It is there stated:

"There is some authority for the position that in case of gross undervaluation the state may reassess the property and collect taxes on the real value thereof [State v. Weyerhauser, 68 Minn. 353 (71 N. W. Rep. 265); Weyerhaueser v. Minnesota, 176 U. S. 550 (20 Sup. Ct. Rep. 485, 44 L. Ed. 583)]; the right to do so being put on the ground that such gross undervaluation constitutes or shows fraud on the part of the officer. But we

cannot assent to the suggestion made in Railroad Co. v. Morrow, 87 Tenn. 406, 415 ((11 S. W. Rep. 348, 2 L. R. A. 853), that the taxpayer will know that he is free from danger of reassessment for previous years when he has paid taxes on his property for those years according to its value. On no question is there opportunity for so great diversity of honest judgment as on the question of value. When the property owner has once honestly returned his property for assessment, and been assessed on such property, he should not be reassessed for the same year on that property merely because another officer may think the first assessment was inadequate."

In the present case there is no pleading of any character to the effect that the original valuation made by the assessor was made fraudulently or by reason of any fraudulent acts of the taxpayer. That being true, we see no reason why the public, through the taxing authorities, should not be bound by the original valuation placed upon the property by the assessor. There is a statutory provision for an appeal on behalf of the public, where the taxing authorities deem that an assessment is too low, and which provides that any public officer of a county, city, town, township or school district may make complaint before the board of review. Section 7135, 1935 Code of Iowa.

It is a statutory requirement that a taxpayer who objects to his assessment shall be required to appear and appeal to the board of review in order to obtain a reduction in the assessment, and, in turn, to the district court if relief is not given. Inasmuch as a statutory provision has been provided for an appeal by taxing authorities where taxes are claimed to be too low, we see no reason why taxing bodies should not be required to make use of the statutory provisions which are provided in order to obtain an increased valuation and assessment.

The case of German Sav. Bk. v. Trowbridge, 124 Iowa 514, 516, 100 N. W. 333, 334, relates to the authority of a county treasurer to increase an assessment, and we find this statement which has application to the question before us:

"The law makes him [the assessor] the judge of property values, and his work is subject to review only by the board of equalization."

A further case bearing upon the claimed right to make a reassessment and to levy taxes by reason of the new assessment is that of People's Sav. Bk. v. Layman, 134 F. 635. This last-cited case, which involves an effort of a Polk county, Iowa, treasurer to reassess certain bank stock, holds that a reassessment cannot be made, except in the manner as provided by statute through the board of equalization.

We do not hold that the state tax commission does not have authority to require local boards of review to carry out the orders of the tax commission. We so held in State ex rel. Iowa State Board v. Local Board of Review, supra. However, that case applied to and affected taxing districts and not individual assessments.

It should also be kept in mind that in the case of State ex rel. Iowa State Board v. Local Board of Review, we said at page 871 of 225 Iowa, page 94 of 283 N. W.:

"The order here made was not equivalent to a new or original assessment nor a revision of individual assessments, but dealt with the aggregate valuation in the several zones. It conformed to and corrected the unequal discounts which it determined had resulted in discrimination and is the kind of an order which the state board of assessment and review has authority to make. [Citing cases.]

"* * * Its corrective order was not a reassessment nor was it directed to the individual assessments of individual taxpayers. It merely ordered the pursuance of a uniform mode of valuation for assessments as a substitute for the mode it determined led to discrimination in the valuation of all the real estate in Des Moines for assessment."

Our attention has been called by the defendant to the case of Lamont Sav. Bk. v. Luther, 200 Iowa 180, 204 N. W. 430. It is the defendant's claim that the plaintiff knew or should have known that the final valuation of its property had not been established by reason of the litigation then pending and growing out of the case of State ex rel. Iowa State Board v. Local Board of Review, supra. The fact is that the record does not disclose that the plaintiff in this action had any knowledge of the litigation then pending. In the Lamont Savings Bank

case the taxpayer knew of the pending litigation and there was a general agreement to pay the taxes not in dispute but not to pay the additional taxes claimed by the county auditor until the result of the pending litigation was ascertained. The factual situation is entirely different in the Lamont Savings Bank case from that disclosed by the stipulation.

It is therefore our holding that there can be no additional tax payment required because of the change in valuation by virtue of the order of the state board of assessment and review, for the reasons heretofore noted.

We therefore hold that the court was in error in not granting the injunctive relief sought and that this case must be, and it is, reversed, with instructions that a decree be entered in keeping with our conclusions as herein announced.—Reversed and remanded with instructions.

All JUSTICES concur.