128  230
131  613
128  230
c133  257
133  265

SECURITY SAVINGS BANK OF CEDAR RAPIDS v. CHARLES D. CARROLL, Treasurer of Linn County, Appellant.

**Taxation:** ASSESSMENT OF OMITTED PROPERTY. The statutes author-
1 izing the county treasurer to assess omitted property do not
empower him to assess any property which has been once listed
and valued by the assessor.

**Assessment of government bonds.** The treasurer has no authority
2 to assess government bonds owned by a bank, even though not
taken into consideration by the assessor in arriving at the as-
sessable value of the bank's capital stock, as the same are
exempted from taxation by Code, section 1322.

**Injunction to restrain assessment of omitted property.** A suit to
3 enjoin the county treasurer from listing and assessing omitted
property, brought prior to the time fixed in the treasurer's no-
tice to a taxpayer of a hearing on the proposed assessment,
will not lie, even though the assessment if made would be
illegal.

*Appeal from Linn District Court.*— HON. J. H. PRESTON, Judge.

MONDAY, MAY 8, 1905.

THE petition alleged that the defendant, as treasurer of Linn county, caused notice to be served on plaintiff to the effect that a report had been made to him indicating that moneys, loans, and credits belonging to it had been omitted from assessment, amounting to $24,000 in 1899, to $2,800 in 1900, to $44,300 in 1901, and to $29,848 in 1902; and that, unless it appeared before him on the 22d day of January, 1904, at 10 o'clock a. m., and show cause to the contrary, the same would be assessed against it and taxes extended thereon; that the time was subsequently postponed until February 1st; that plaintiff, in each of the years mentioned, furnished the assessor a statement under oath such as required by statute, and in each set out the fact that it became

the owner of United States bonds issued in 1898, soon after their issue; that it disposed of them in 1902; that in each of the years the assessor, in assessing the capital stock, took into account the capital, surplus, and undivided earnings, and his assessment was approved by the board of review; that defendant now pretends that in each year the board of review, in determining the value of the stock, deducted from the assets of the bank the sum of $30,000 invested in said bonds, and now claims the right to assess the same for each of said years; that said bonds were not legally taxable, and that assessment of the stock was an adjudication that the defendant is estopped from assessing said property; that defendant is without jurisdiction to assess said bonds, but threatens to do so unless retained. The plaintiff prayed that the treasurer be enjoined from making the assessment. A general demurrer was interposed and overruled. As defendant refused to plead farther, decree was entered as prayed, and he appeals.— *Reversed.*

*Voris & Haas,* for appellant.

*Dawley, Hubbard & Wheeler* and *Cooper, Clemans & Lamb,* for appellee.

LADD, J.— The statutes authorizing the treasurer to assess property " withheld, overlooked or from any other cause not listed or assessed," was not intended to confer on

1. TAXATION·: assessment of omitted property.

him appellate jurisdiction to correct the errors or mistakes of assessors or boards of review in estimating values of property actually assessed. If the particular thing has been listed and a value fixed by the proper officers, their action, in the absence of an appeal to the district court, is final. Such was our conclusion in *German Savings Bank v. Trowbridge,* 124 Iowa, 514.

The United States bonds held by the plaintiff were property of the bank, and as such tended to enhance the value

of its capital stock. For this reason, they should have been taken into consideration each year in determin-

**2. ASSESSMENT OF GOVERNMENT BONDS.** ing the assessable value of the shares. *German American Savings Bank v. Council of City of Burlington,* 118 Iowa, 84; *National State Bank v. Mayor and City Council of Burlington,* 119 Iowa, 696. But omission to do so could not be remedied by afterwards assessing them to the bank as omitted property. Section 1322 of the Code provides for the assessment of the capital stock of such a bank, and directs that its property, save real estate, shall not be otherwise assessed. Section 1322, Code; *Mahkonsa Investment Co. v. City of Ft. Dodge* (Iowa), 100 N. W. Rep. 517.

Conceding, then, that under the facts as recited in the petition the county treasurer might not have legally assessed the bonds as omitted against the bank as moneys and credits

**3. INJUNCTION TO RESTRAIN ASSESSMENT OF OMITTED PROPERTY.** or as stock, can an action to enjoin him from so doing prior to the time fixed by him for a hearing be maintained? Section 1374 of the Code authorizes the treasurer to assess property omitted from taxation in previous years, and to sue for delinquent taxes thereon. Chapter 48 (page 32) of the Acts of the Twenty-Eighth General Assembly provides for entry in the delinquent personal tax list, but section 1 of chapter 50 (page 33) of the Acts of the same year enacts that, " before listing the property discovered, the treasurer shall give the person in whose name it is proposed to assess the same or his agent, ten days' notice thereof by registered letter addressed at his usual place of residence, fixing the time and place where objection to such proposed listing and assessment may be made." The making of an assessment is a quasi judicial function *(Beresheim v. Arnd,* 117 Iowa, 83), and the manifest object of these statutes is the creation of a special tribunal for the purpose of determining (1) whether property may be assessed as omitted from the tax lists, and, (2) if so, to fix its value. To the end that mistakes may be avoided, notice must be given

and an opportunity to be heard afforded prior to the decision of such tribunal, and no one has the right to assume in advance what it will be, any more than in a court of justice, save that it is always permissible to presume that officers will discharge their duty honestly. No one has the right to prejudge a hearing, judicial in character, because of what he may imagine will be the outcome, and, by rushing into another tribunal, forestall the investigation by a writ of injunction. *Home Sav. & Trust Co. v. Hicks,* 116 Iowa, 114. The mere fact that a finding should have been favorable to the bank can make no difference. *Chadoin v. Magee,* 20 Tex. 476; *Hartman v. Heady,* 57 Ind. 545. Were the findings of the treasurer conclusive, possibly a different rule might obtain; but the statute expressly authorizes an appeal from his decision to the district court, and there is always opportunity to defend in the subsequent suit by the treasurer to recover the delinquent taxes. See section 1374, Code; section 1, c. 50, p. 33, Acts 28th General Assembly. Moreover, the rule prevails in this State that the collection of taxes based on illegal assessments may be enjoined (*Smith v. Osburn,* 53 Iowa, 474; *Barber v. Farr,* 54 Iowa, 57, and *Wangler v. Black Hawk Co.,* 56 Iowa, 384), though in view of the opportunity to interpose objections to the assessment by way of defense in the suit by the treasurer, it may be doubted whether the remedy is available where the assessment is of omitted property. See *Smith v. Short,* 11 Iowa, 523; *Dubuque v. S. C. Ry. Co.,* 76 Iowa, 702; *Phoenix Mutual Life Ins. Co. v. Bailey,* 13 Wall. 116, 20 L. Ed. 501.

The cases cited relate to litigation in the courts, but are in point in principle. Moreover, the assessment does not alone amount to irreparable injury, or cast a cloud on the title to property. It is the enforced collection of the taxes which may have these results, and to prevent which equity will interfere. We have yet to discover any authority holding that, in anticipation that an assessor may err, he will be restrained from investigating in order to determine whether

the property is assessable, or from making the assessment. No injury had been done the bank, and it has no right to assume from the service of the notice that any was intended. Certainly the assertion therein that the property would be assessed unless cause to the contrary were shown at the time and place indicated should not be so construed, as that was merely the form of the notice authorized by statute. To that the petition evidently referred in alleging that such a threat had. been made. In any event, the law has designated the treasurer as the proper officer to assess omitted property, and, to the end that errors and mistakes may be obviated, has provided for a hearing before him. Until his decision has been made, at least, property rights have not been disturbed, or even threatened, save as authorized by statute, and it seems needless to say that the result of such an investigation, especially when it may be corrected by appeal or otherwise, is not a danger against which equity on any recognized ground can grant relief. It follows that the demurrer should have been sustained.— *Reversed.*