W. S. JUDY, COUNTY TREASURER, Appellant, v. NATIONAL STATE BANK, OF MT. PLEASANT, IOWA, Appellee.

**Taxation:** ASSESSMENT OF OMITTED PROPERTY: ESTOPPEL. Where notice is given of a proposed assessment of omitted property and upon failure of the tax payer to respond an assessment is made by an officer having jurisdiction, the tax payer cannot urge, in an action at law to collect the tax, that the officer erred in finding that the property had been omitted or in placing the value upon it which he did.

**Same.** Prior assessments and the approval thereof by the proper authorities is not conclusive on the county that the tax payer had no other property subject to taxation for the same years, where the tax payer made fraudulent statements regarding the same to the assessors.

**Same:** ASSESSMENT. Before an action at law will lie to recover taxes on omitted property there must be a compliance with the statute and one of the requirements is a proper assessment made upon notice to the tax payer. Neither the notice sent the tax payer nor a demand constitutes an assessment; there must be a listing of the property and an estimate of the sums which are to be a guide in the apportionment of the tax.

**Same:** ASSESSMENT OF NATIONAL BANK STOCK: EVIDENCE. Where a County Treasurer or Auditor attempts to assess omitted property he must list it the same as an assessor. In the instant case the evidence is reviewed and held insufficient to show an assessment of bank stock to the share holders and consequently an action at law will not lie to recover the tax.

**Same.** Courts have no authority either to make or correct an assessment of property and unless this has been done by the proper person and in a legal manner there can be no recovery in an action at law.

*Appeal from Henry District Court.*— HON. JAMES D. SMYTHE, Judge.

SATURDAY, FEBRUARY 9, 1907.

ACTION at law to recover taxes upon property omitted from taxation for the years 1899, 1900, 1901. 1902, and 1903, This property was bank stock in the defendant bank which had theretofore been assessed, but it is claimed that defendant's statements upon which the assessments were levied were false and untrue, and that by reason of fraud and misrepresentation, these assessments were invalid.    The trial court dismissed plaintiff's petition, and he appeals.—*Affirmed.*

*McCoid & Finley* and *Ben McCoy*, for appellant.

*W. E. Blake* and *W. I. Babb,* for appellee.

DEEMER, J.— It is conceded that defendant once paid the taxes levied and assessed against its outstanding stock for the years 1899 to 1903 inclusive, but it is alleged in the petition that the corporate shares were omitted from taxation for these years, that defendant paid taxes on moneys and credits for each year, that there was omitted from taxation for the year 1899 the sum of $76,450.60 upon which no taxes were paid and that defendant bank had for that year invested in government bonds the sum of $76,450.   The same charge is made for the year 1900 save that it is alleged that there was omitted from taxation in that year the sum of $84,610, and· that defendant had for that year invested in government bonds and Mt. Pleasant Waterworks bonds the sum of .$84,610.   As to the year 1901 the allegations are the same save as to the amount, which is said to have been $61,500. As to 1902 the same save as to amount which as to this year was $100,000, and the sum of $100,000 is said to have been invested in government bonds.   As to 1903 the figures are given as $15,000, and defendant was alleged to have had that amount in water. bonds.   It is further alleged that the statements made by the bank to the assessors were not true,

and correct statements of the condition of said bank on the 1st of January of each year, in that the said statements do not correctly state the amount of surplus and undivided earnings of the bank on the first of January of each year, and they do not correctly state the assessed value of the real estate belonging to the said bank on the first day of each year which should be deducted under the law from the assessed value of the said stocks, surplus and individual earnings of said bank, which facts were well known to defendant bank at the time said statements were made, and not known to the assessor, and that, by reason of such incorrect and unfair statements, and by reason of the gross undervaluation of the alleged stock or assets of the bank, and by reason of the defendants withholding its United States government bonds from assessment, are fraudulent and void. It is further charged that the assessor relied wholly upon these statements in making his assessments for the years in question.

Defendant in answer denied that it had not paid assessments upon its capital stock, admitted it made statements to the assessors for the years in question, but denied that it withheld therefrom any property belonging to it or to its stockholders, and admitted that it had the amount in bonds charged against it. It averred that its stock was valued and assessed by the assessor for the years in question, and that it had paid all taxes assessed against it. It denied all fraud in the transaction. As to 156 shares of stock it averred that no valid assessment was ever made by the treasurer against it, and it denied that the county treasurer had ever made any valid assessment against the defendant or any of its stockholders for the years in question. It averred the collection by the county officials of taxes upon the corporate stock for the years named, and further pleaded that, as plaintiff failed to return or to offer the return of the taxes so collected, it was barred and estopped from maintaining this suit, and it absolutely denied

that any of its stock was overlooked or omitted from taxation. In a reply filed by plaintiff he pleaded that, as defendant did not appear before the county treasurer in response to notices to the stockholders, and did not appeal from the taxation made by the county treasurer, it is estopped from maintaining the defenses pleaded, and further averred that, as the defendant made false and untrue statements regarding its assets, it cannot be heard to plead an estoppel by reason of the collection of taxes under the assessment made by the assessor. It appears that the statements made by the bank officials to the assessors for the years in question were not true and correct, in that they did not truthfully state either the assets or liabilities of the bank. But it also appears that the assessors did not rely wholly upon these statements in making their assessments. A so-called " tax ferret " was employed by the county, and, in looking over the published bank statements made as required by law, he discovered that defendant held certain bonds, United States government and city water bonds, which were deducted by the assessors as exempt. Thereupon he made the following report to the then treasurer and auditor of the county:

Mt. Pleasant, Iowa, Nov. 13, 1903.
To G. W. McAdam, Treasurer and N. S. Oxley, Auditor,
    Henry County, Iowa:
    National State Bank, Mt. Pleasant. Robt. Gillis, President, Jas. T. Whiting, Cashier. I find that said bank should be assessed on moneys and credits omitted from assessment and on account of government bonds and water bonds held by them not assessed and on account of their corporate stock surplus and undivided earnings, exclusive of real estate:

| For years | 1899, | $ 76,400, | taxes | $1,039.99 | and interest. |
|-----------|-------|-----------|-------|-----------|---------------|
|           | 1900, | 78,610,   | taxes | 1,071.04  | and interest. |
|           | 1901, | 61,500,   | taxes | 837.17    | and interest. |
|           | 1902, | 100,000,  | taxes | 1,395.00  | and interest. |
|           | 1903, | 15,000.   |       |           |               |

Notice as provided by statute was given 10/28/1903, as provided by statute — return date being fixed therein for 11/13/1903. I accordingly make return as above and request that you make assessment accordingly and upon the shares of stock of said bank and so assess such stock to be assessed against and paid ratably by the list of stockholders thereto attached and marked Exhibits A, B, C, D, E, and made part hereof.

Ben McCoy, Agent for Said County.
Received November 13, 1903.    O. N. Knight, Deputy Treasurer.

Upon receipt of this report the said officers gave notice to the several stockholders that they were the owners of moneys and credits consisting of notes, etc., which was omitted for taxation naming specifically certain shares of stock in the defendant bank and that they should appear before the county auditor on December 5, 1903, and show cause why the property should not be listed and assessed against them, and that, failing to do so, the same would be placed upon the tax books for collection. The treasurer in this same notice made demand for payment of the amount said property should have been assessed for and gave notice that, upon failure to pay the same within 30 days from December 5th, he would bring action to collect the same. Neither the defendant nor any of the stockholders appeared in response to this notice, and, upon the day fixed for their appearance, it is claimed that the county treasurer levied an assessment upon each of the stockholders to the amount of the stock held by him, and against the bank in the sums stated in the several counts of the petition. It is this alleged assessment which the plaintiff is seeking to enforce in this action, except for the taxes of the year 1903 which, as we understand it, were, it is claimed, extended upon the tax list by the county auditor as omitted property.

A great many questions are discussed in this case which need not to be considered at length, for they have already been settled in former decisions of this court. Plaintiff

claims that, as neither the defendant nor its stockholders ap-

**1. Taxation: assessment of omitted property; estoppel.** peared before the auditor or treasurer in response to the notices sent them, defendant cannot now question the collection of the taxes. There is no doubt that this failure disposes of many of the defenses pleaded by defendant; that is to say, assuming that there is a valid assessment against the defendant or the stockholders, and that the county treasurer had jurisdiction to make it, defendant can not now be heard to say that the county treasurer was in error in finding that the stock was omitted from taxation or in placing the valuation which he did upon it. This we think is clearly ruled in the following cases: *Stevens v. Carroll,* 130 Iowa, 463; *Security Bank v. Carroll,* 128 Iowa, 230; *Gibson v. Cooley,* 129 Iowa, 529; *Security Bank v. Carroll,* 131 Iowa, 605; *Galusha v. Wendt,* 114 Iowa, 607, relied upon by appellees, was decided under the statute before its amendment, and what is said to the contrary of the rule just announced in *Security Bank v. Carroll,* 128 Iowa, 230, is pure dicta, not necessary to the decision of that case, and not binding as a precedent.

Another proposition to the effect that the assessments made by the several assessors for the year mentioned and the action of the county authorities thereon is binding and

**2. Same.** conclusive upon the county as an adjudication and estoppel is without merit. We are satisfied that, but for a fact to be hereinafter mentioned, there was such legal fraud upon the part of the defendant bank and its officials in making the reports they did as to deprive the levies made upon the assessments returned by the assessors of any force either as an adjudication or an estoppel. *Galusha v. Wendt,* 114 Iowa, 612; *Lambe v. McCormick,* 116 Iowa, 175; *Parker v. New Orleans,* 44 La. 753 (11 South. 32).

We are now brought, however, to the troublesome questions in this case. This proceeding is purely statutory, and,

unless there was at least a substantial compliance with the

**3. Same:** terms of the statute, the action cannot be main-
**assessments.** tained for the plain reason that without statu-
tory authority no suit at law will lie to recover
taxes upon omitted property. Section 1322 of the Code,
before its recent amendment, provided that shares of stock
in national banks should be assessed to the individual stock-
holders, at the place where the bank is located. This statute
also required the officers of the bank to furnish the as-
sessor with the list of the names of the stockholders,
etc., and the assessor shall list to each stockholder
under the head of corporation stock the total value of such
shares. Provision is made for statements by the officers
to aid the assessor in fixing the value of the shares, and it
is also provided that the amount of real estate owned by the
bank shall be deducted from the value of the shares. By
section 1325 it is provided that the corporation shall be liable
for the payment of the taxes assessed to the stockholders of
the corporation, and that the tax shall be payable by the cor-
poration in the same manner and under the same penalties
as in cases of taxes due from an individual taxpayer, and
may be collected in the same manner, or by action in the
name of the county. Section 1374 of the Code as amended
by chapter 50, Acts 28th General Assembly, provides,
in substance, that when property subject to taxation is with-
held, overlooked, or for any cause not listed and assessed,
the county treasurer shall make demand of the person, firm,
or corporation by whom it should have been listed or to whom
it should have been assessed, the amount the property should
have been taxed in the year it was withheld, and upon failure
to pay shall cause action to be brought in his name as treas-
urer for the use of the county in the proper court. Be-
fore listing any property discovered, the treasurer shall give
the person in whose name it is proposed to assess the same
10 days' notice fixing the time and place where objection
to the proposed listing and assessment may be made. It is

also provided that an appeal may be taken to the district court from the final action of the treasurer, etc.   By chapter 47, of the Acts of the 28th General Assembly (Code Supp., section 1385b), it is provided that the auditor may correct any error in the assessment or tax list, and may assess and list for taxation any omitted property, but that, before assessing and listing any omitted property, he shall give notice to appear and show cause, if any there be, why the assessment should not be made.   Appeal to the district court from the final action of the auditor is also provided for.   Under each of these sections the notice sent out by either the auditor or the treasurer is not an assessment.   Nor is the demand made by the treasurer under the law as it now stands such an assessment as is contemplated by law.   *Kehe v. Blackhawk Co.*, 125 Iowa, 549.   In either case there must be an assessment of the property.   An assessment of necessity involves at least two things, to wit, a listing of the property to be taxed in some form, and an estimation of the sums which are to be a guide in the apportionment of the tax. Cooley on Taxation (3d Ed.) 596.   That there must be an assessment to support a tax, see *Galusha v. Wendt*, 114 Iowa, 604; *Thornburg v. Cardell*, 123 Iowa, 319.   In the case last cited it is expressly held that there must be a proper assessment before an action at law will lie under section 1374 to recover taxes on omitted property.

Now, under sections 1305, 1312, 1322, 1352, and 1360 of the Code, an assessor in listing property is required to list to each stockholder under the head of " corporation stock " the value of the shares of stock held by him. And we think that, when a county treasurer or county auditor attempts to assess omitted property, it is his duty to list it as an assessor would.   The notices sent out to the stockholders advised them that they were the owners of money and credits consisting of notes, etc., to wit, certain shares of stock in the National State Bank, and that they should show cause why the same should not be

4. SAME: assessment of national bank stock: evidence.

listed and assessed.   In these notices the treasurer demanded payment of the amount said property should have been taxed in the years it was not listed and assessed.   The petition alleges that the corporate shares owned by the stockholders were not assessed, and asked judgment on the theory that they should be assessed to the amount of the bonds held by the corporation during the years in question.   When the matter came up on the 5th day of December, 1903, the tax ferret reported as follows:   " I find that said bank should be assessed on moneys and credits omitted from assessment and on account of government bonds and water bonds held by them and on account of their corporate stock, surplus and undivided earnings exclusive of real estate.   For the year 1899, $76,400.00; 1900, $78,610.00; 1901, $61,500.00; 1902, $100,000.00; 1903, $15,000.00."   This " ferret " was a witness and he testified that he arrived at the amount by taking the amount of bonds held by defendant and deducted by the assessor as his only basis, and this is manifestly true.

We now proceed to the steps taken by the auditor and treasurer.   The only testimony on this subject aside from some record entries to which we shall presently refer is as follows:

On the 5th the treasurer and the auditor was here, and the parties did not come in, and I talked it over with both of them together and separately, about the situation, and told them what I thought was the best thing to do, and the way I had found it, and told the treasurer and told the auditor both that any assessment that the treasurer should make — that is, of certain years he should make — he should enter it on his books, and for the current year the auditor should enter it on his books, and, it being quite a complicated matter and so many parties involved, and just what the situation with the stockholders each year was concerned, they asked me to make up; that is, to write up what is in a sense a journal entry, I suppose, known by myself.   It is the Exhibit No. 7, and the treasurer told me he would put it on his books, and

the auditor told me it would be spread on his books.  They made that assessment, and they would have it put on their books.   Question. What did he. say to you, if anything, on the subject of preparing as you call it, a journal entry, or some such entry for him, what did Mr. McAdam say to you?   Answer. He asked me to return it; that is, to do what I have done here, put down showing what they had done, to show what they had done so that they might enter it on the book in the form that they had announced, or what they said they would do, so there would be no mistake about it, and no misunderstanding about it.

Again, the witness testified that before December 5th he had, with the auditor and treasurer, taken up the condition of the defendant bank's taxes and assets as he claimed it, and that on the 5th day of December, 1903, when the stockholders of defendant bank did not appear in response to the notices sent them by the treasurer, that he, witness, went over the matter himself with the treasurer and auditor and gave them the situation as he found it, and wanted them to make an assessment, and " they did make it, and asked me, as I said before (defendant objects), and told me, because of the intricacies of it in this instance, to prepare such a record as would conform to their action in directing or making the assessment, and that I prepared this paper for them under that direction and from this paper; that is, you will find, I think, that the assessments are a copy as it appears on the books is as I returned it."

Plaintiff offered in evidence the assessment against the defendant bank in gross as found in page 19 of the tax list identified and introduced for Mt. Pleasant, Iowa, for the year 1899, which is in words and figures as follows:

Page 19.

Tax List of Mt. Pleasant Township, County of Henry, State of Iowa, for the Year 1899.

| Name of Owner. | | Value Personalty. | |
|---|---|---|---|
| National State Bank (by McCoy) | | 19,100 | |
| Consolidated. | General School. | Corporation. | Total Tax. |
| 152.12 | 343.80 | 444.07 | 1,039.99 |
| | | Int. at 6 per cent. | |

Defendant objected to the introduction of the same because incompetent, immaterial and irrelevant. Objection sustained, to which plaintiff excepted. The same offer, same objection, and the same record was had as to each of the other years, and the records offered for each of the other years showed similar assessment for each of said years, which was objected to, and objection sustained, and plaintiff excepted.

Some loose sheets were found which are identified as being the list made by the country treasurer and auditor. One is as follows:

19½.  TAX LIST OF THE CITY OF MT. PLEASANT, COUNTY OF HENRY, STATE OF IOWA, FOR YEAR 1899.

| Name of Owner | Description of Lands and Town Lots — Part of Section or Lot | Description of Taxes for the year 1899. | | | | Total Tax |
|---|---|---|---|---|---|---|
| | | Value Personalty | Consolidated | General School | Corporation | |
| Margaret Barnes | 10 | 191 | 252 | 344 | 444 | 10.40 |
| W. F. Bruning Est. | 10 | 191 | 252 | 344 | 444 | 10.40 |
| N. J. Davis | 6 | 115 | 151 | 206 | 266 | 6.23 |
| Sarah F. Dawson | 19 | 392 | 579 | 653 | 844 | 19.76 |
| R. Eshelman | 13 | 248 | 328 | 447 | 577 | 13.52 |
| Robert S. Gillis | 10 | 191 | 252 | 344 | 444 | 10.40 |
| Mrs. S. E. Gillis | 124 | 227 | 3126 | 4263 | 5506 | 128.95 |
| Jas. T. Gillis | 20 | 382 | 504 | 688 | 888 | 20.80 |
| Mrs. A. E. Hopkins | 100 | 1910 | 2521 | 3438 | 4440 | 103.99 |
| C. R. Hughes | 15 | 286 | 378 | 516 | 666 | 15.60 |
| A. W. McClure | 20 | 382 | 504 | 688 | 888 | 20.80 |
| Geo. H. Spahr | 60 | 1146 | 1512 | 2064 | 2664 | 62.40 |
| J. S. Sargent | 5 | 95 | 126 | 172 | 222 | 5.20 |
| J. H. Whiting Est. and Julia M. Whiting | 165 | 3151 | 4160 | 5673 | 7327 | 171.60 |
| Jas. T. Whiting | 26 | 306 | 656 | 894 | 1154 | 27.04 |
| Jas. T. Whiting, agt. | 15 | 248 | 378 | 515 | 666 | 15.59 |
| Sam'l S. Whiting | 111 | 2120 | 2797 | 3816 | 4928 | 115.41 |
| Mrs. S. L. Whiting | 5 | 95 | 126 | 172 | 222 | 5.20 |
| Mrs. T. E. Whiting | 50 | 955 | 1260 | 1720 | 2220 | .52.00 |
| Henry Whiting | 107 | 2044 | 2697 | 3679 | 4751 | 111.27 |
| T. E. Willits | 6 | 114 | 152 | 206 | 296 | 6.24 |
| Mrs. W. E. Willits | 24 | 458 | 605 | 825 | 1066 | 24.96 |
| | | | | | | 957.76 |

Order Rec'd Dec. 5, 1908.
Booked Dec. 9, 1908.

Another is as follows:

15½. TAX LIST OF THE CITY OF MT. PLEASANT, COUNTY OF HENRY, STATE OF IOWA, FOR YEAR 1900.

| Name of Owner | Part of Section or Lot | Value Personalty 19652 | Consolidated | 23 Corporation | 18½ General School | Total Tax |
|---|---|---|---|---|---|---|
| | | | Description of Taxes for Year 1897. | | | |
| Margaret Barnes | 10 | 197 | 2.48 | 4.53 | 3.64 | 10.65 |
| N. J. Davis | 6 | 118 | 1.53 | 2.71 | 2.18 | 6.42 |
| Ella Dawson | 19 | 373 | 4.85 | 8.55 | 6.90 | 20.33 |
| R. Eshelman | 13 | 255 | 3.32 | 5.86 | 4.72 | 13.90 |
| R. S. Gillis | 10 | 197 | 2.56 | 4.53 | 3.64 | 10.70 |
| Mrs. S. E. Gillis | 140 | 2751 | 35.76 | 63.27 | 50.89 | 149.92 |
| J. T. Gillis | 20 | 393 | 5.11 | 9.04 | 7.27 | 21.42 |
| Mrs. A. E. Hopkins | 100 | 1965 | 25.55 | 45.19 | 36.35 | 107.09 |
| C. R. Hughes | 15 | 295 | 3.84 | 6.78 | 5.46 | 16.08 |
| A. W. McClure | 20 | 393 | 5.11 | 9.04 | 7.27 | 21.42 |
| Geo. H. Spahr | 60 | 1179 | 15.33 | 27.12 | 21.81 | 64.26 |
| Mrs. J. F. Sargent | 4 | 79 | 1.02 | 1.81 | 1.46 | 4.29 |
| Ida Twinting | 10 | 197 | 2.56 | 4.53 | 3.64 | 10.73 |
| Mrs. J. M. Whiting | 165 | 3243 | 42.16 | 75.59 | 60.00 | 176.75 |
| Jas. T. Whiting | 26 | 511 | 6.64 | 11.75 | 9.45 | 27.84 |
| Sam. F. Whiting | 111 | 2181 | 28.35 | 50.16 | 40.35 | 118.86 |
| Mrs. S. F. Whiting | 5 | 98 | 1.27 | 2.25 | 1.81 | 5.33 |
| Mrs. F. E. Whiting | 50 | 983 | 12.78 | 22.60 | 18.18 | 53.56 |
| Henry Whiting | 107 | 2103 | 27.33 | 48.37 | 38.90 | 114.60 |
| E. T. Willits | 6 | 118 | 1.53 | 2.18 | 3.71 | 6.42 |
| Mrs. Mary E. Willits | 24 | 472 | 6.14 | 10.85 | 8.73 | 25.72 |
| | | | 235.22 | 416.27 | 334.83 | 986.05 |
| | | | | | 982.32 | |

Order received December 5, 1903.
Booked December 9, 1903.

The one for 1901 is pratically a copy of the one for 1900. The one for 1902 is practically a copy of the one for 1899. And the one for 1903, which was made up by some one, but save for the statement appearing thereon, it does not appear who this was, reads as follows:

34. TAX LIST OF THE CITY OF MT. PLEASANT, COUNTY OF HENRY, STATE OF IOWA, FOR YEAR 1903.

| Name of Owner | Part of Section or Lot McCoy | Value Personalty | Total value of all property | Consolidated | General School | Corporation | Total Tax |
|---|---|---|---|---|---|---|---|
| National State Bank | | 3750 | 3750 | | | | |
| Max W. Babb | 6\|1000 passed | 23 | | .31 | .32 | .59 | 1.22 |
| Margaret Barnes | 10\|1000 | 38 | | .51 | .53 | .97 | 2.01 |
| W. E. Blake | 48\|1000 passed | 180 | | passed | | | |
| J. G. Budde | 15\|1000 " | 56 | | passed | | | |
| N. J. Davis | 6\|1000 | 23 | | .31 | .32 | .59 | 1.22 |
| Ella Dawson | 19\|1000 | 71 | | .96 | .99 | 1.81 | 3.76 |
| J. L. Edwards | 4\|1000 passed | 15 | | passed | | | |
| Reuben Eshelman | 13\|1000 | 49 | | .66 | .68 | 1.25 | 2.59 |
| R. S. Gillis | 10\|1000 | 38 | | .51 | .53 | .97 | 2.01 |
| Mrs. S. E. Gillis | 104\|1000 | 391 | | 5.28 | 5.43 | 9.97 | 20.68 |
| Jas. T. Gillis | 20\|1000 | 74 | | 1.00 | 1.03 | 1.89 | 3.92 |
| Mrs. A. E. Hopkins | 100\|1000 | 371 | | 5.01 | 5.16 | 9.46 | 19.63 |
| E. Lines | 15\|1000 | 56 | | .76 | .78 | 1.43 | 2.97 |
| A. W. M. McClure | 20\|1000 | 74 | | 1.00 | 1.03 | 1.89 | 3.92 |
| Merchants Nat. Bank | 12\|1000 passed | 45 | | passed | | | |
| Geo. H. Spahr | 58\|1000 | 218 | | 2.94 | 3.03 | 5.56 | 11.53 |
| Birdie E. Sargent | 4\|1000 | 15 | | .20 | .21 | .38 | .79 |
| Ida M. Twinting | 10\|1000 | 38 | | .51 | .53 | .97 | 2.01 |
| J. H. Whiting estate and Mrs. J. M. Whiting | 184\|1000 | 691 | | 9.33 | 9.60 | 17.62 | 36.55 |
| Jas. I. Whiting | 24\|1000 | 90 | | 1.22 | 1.25 | 2.30 | 4.77 |
| Jas. T. Whiting agt. | 15\|1000 | 56 | | .76 | .78 | 1.43 | 2.97 |
| Sam S. Whiting | 111\|1000 | 416 | | 5.62 | 5.78 | 10.61 | 22.01 |
| Mrs. S. F. Whiting | 5\|1000 | 19 | | .26 | .26 | .48 | 1.00 |
| Mrs. F. E. Whiting | 50\|1000 | 188 | | 2.54 | 2.61 | 4.79 | 9.94 |
| Henry Whiting | 107\|1000 | 402 | | 5.43 | 5.59 | 10.25 | 21.27 |
| E. T. Willits | 6\|1000 | 23 | | .31 | .32 | .59 | 1.22 |
| Mrs. Mary E. Willits | 24\|1000 | 90 | | 1.22 | 1.25 | 2.30 | 4.77 |
| | passed | 3750 | 3750 | | | | |
| | | 296 | 296 | | | | |
| | | 3454 | 3454 | 48.01 | 46.65 | 88.10 | 182.76 |

These seem to have been bound up with, or inserted in, the tax lists of the county for the respective years.

It is perfectly manifest that there was no assessment for the years 1900 and 1901. The taxes, whatever they may have been, were for the year 1897. There is no listing of stocks anywhere, and no sufficient showing of any record of assessment. The assessments, even if properly made, were not in accord with the notices sent to the stockholders, nor do they support the allegations of the petition. The bank could not be assessed upon anything. The assessment must be

stock as such. These assessments were not so made, but apparently upon lots or parcels of land and some sort of personal property in no manner described.

In order that an action such as this may be maintained the statutory provisions must be followed, and, where the assessment must be upon a particular thing and no other can be made, the assessment must be

5. SAME.    upon that thing and not upon something else. The defendant cannot be held liable for any other assessment against its stockholders than the one authorized by law, and that was not made in this case. It was the intention, no doubt, to assess against the stockholders the stock upon which taxes had already been paid to the amount of the bonds exempted by the assessor. This the county authorities had no right to do, for it had already been adjudicated that these bonds were exempt and that conclusion was final. *Savings Bank v. Trowbridge,* 124 Iowa, 514; *Security Savings Bank v. Carroll,* 128 Iowa, 230. That the assessment was not such an one that recovery may be had thereon in a law action, see *Investment Co. v. City of Ft. Dodge,* 125 Iowa, 148; *Brown v. Grand Junction,* 75 Iowa, 488.

We doubt very much whether there was any assessment at all in this case. None of the parties whose duty it was to make it were witnesses in the case, or, if they were, they did not testify to having made it, and there are no records of an assessment save those above set out, and these were on loose sheets which were afterward inserted in the county tax lists, but by whom does not appear. *Kehe v. Blackhawk County, supra,* is an authority for the proposition that no assessments of any kind were made. The tax ferret had no authority to make the assessment, and he is the only one who testified as to how it was done, and his testimony has been hitherto set out. Courts have no authority either to make or to correct assessments, and, unless these are made up by a proper person and in a legal manner, there can be no recovery, even if we are convinced, as we are here, that de-

fendant has not been paying its just proportion of the public burdens. *Frost v. Board of Supervisors,* 114 Iowa, 103; Galusha v. Wendt, *supra;* Investment Co. v. Ft. Dodge, *supra; In re Treasurer of Woodbury County,* 129 Iowa, 588.

The supposed action of the county auditor in adding omitted property to the tax list is not shown to have been done in such a way as to make defendant liable, and whatever was done by him, and as to this there is no very definite testimony, is subject to the same objections as the act of the treasurer. No such proceedings were had as to make defendant liable for the taxes sought to be collected, or there is not sufficient testimony to establish such assessment as would make defendant liable, and the trial court was right in dismissing the petition.

The judgment is therefore *affirmed.*