WOODBURY COUNTY and D. B. SHONTZ, Appellants, v. O. B. TALLEY, County Treasurer, Appellee.

Taxation: ASSESSMENT OF OMITTED PROPERTY: *mandamus.* A proceeding before the county treasurer to have omitted property added to the assessment roll and listed for taxation, in which notice to property owners was given and to which they appeared and offered evidence, is *quasi* judicial; and the act of the treas-

urer in determining that the property is not taxable is of a judicial character and is not void, although it may be erroneous; and *mandamus* will not lie to review his act and compel the treasurer to make an assessment of the property in behalf of the county.

*Appeal from Woodbury District Court.*—HON. F. R. GAYNOR, Judge.

SATURDAY, DECEMBER 18, 1909.

REHEARING DENIED MONDAY, MAY 16, 1910.

THE case is sufficiently stated in the opinion.—*Affirmed.*

*Ben McCoy, McCoy & McCoy,* and *Struble & Struble,* for appellants.

*Milchrist & Scott,* for appellee.

WEAVER, J.—The Sioux City Stockyards Company is a corporation organized under the laws of this state, and having its principal place of business at Sioux City. It is capitalized at $3,000,000, represented by fifteen thousand shares of preferred stock, having a market value of $65 per share, and a like number of shares of common stock, having a market value of $20 per share. Its business is the owning, managing, and operating of stockyards at Sioux City, in pursuance of which it owns real estate with the necessary and convenient buildings, appurtenances, and appliances required in carrying on said business, and is authorized to buy and sell live stock or keep and care for the same for others. It constructs, owns, and operates railways, tracks, and rolling stock upon and about its property, and generally it does and may do all those things which go to the keeping, operating, and man-

aging of stockyards as the same are ordinarily maintained and carried on in the larger cities and packing centers of the country. The larger blocks of stock are owned and controlled by the great packing house firms and corporations of the West, the remainder being distributed in small holdings in many hands. The corporation appears to have been doing a large business and to have acquired tangible property of considerable value. The controversy presented by the case now before us concerns the assessment of the property of the corporation and its shares of stock for the purposes of taxation. Our Code (section 1323) provides as follows:

The shares of stock of any corporation organized under the laws of this state, except those which are not organized for pecuniary profit, and except corporations otherwise provided for in this act, shall be assessed to the owners thereof at the place where its principal business is transacted, the assessment to be on the value of such shares on the first day of January in each year, but in arriving at the total value of the shares of stock of such corporations, the amount of their capital actually invested in real estate either in this state or elsewhere, shall be assessed as other real estate, and the property of such corporation, except real estate situated within the state, shall not be otherwise assessed. . . .

In Code, section 1318, is found a provision regulating the assessment of merchandise purchased or consigned and held for sale by merchants to which provision is appended the following clause: "The provisions of this section shall apply and constitute the method of taxation of a corporation whose business or principal business is of a like character and shall be in lieu of any tax on the corporate shares." For the years 1903 to 1907, inclusive, the assessor of that taxing district treated the stockyards company as a "merchant," listed and assessed its property under the provisions of Code, section 1318,

just quoted, and did not list or assess any of the shares
of stock either to the corporation or to the individual
shareholders.   Whether this result was accomplished by
argument or hypnotism does not appear, but it seems to
be conceded that such assessments were returned to the
equalizing board which passed them, no one raising ob-
jection thereto, and taxes were duly levied upon such as-
sessments and collected by the ordinary methods.   Near
the close of the period, Shontz, one of the plaintiffs herein,
having obtained a contract to ferret out property withheld
or omitted from taxation in Woodbury County, entered
upon the work, and, discovering that these shares of stock
had not been assessed, and believing they were liable to
taxation, brought the matter to the notice of the county.
treasurer.   Thereupon said officer notified the shareholders
or some of them of the claim that was made, and gave
them an opportunity to appear, and show cause why their
shares should not be assessed.   At the hearing an agree-
ment was made whereby a test case should be tried, and,
so far as applicable, the evidence offered and the order
made in the one case should apply to and govern all the
others.   On the part of the shareholders objection to the
proposed assessment was made on the following grounds:

(1)  Said shares are not assessable under the laws
of the state of Iowa.   (2)  The shares of stock of said
corporation are exempt from taxation under section 1318
of the Code of Iowa, provision therein being made for
the taxation of the property of said corporation in lieu
of any tax upon said corporate shares.   (3)  The Sioux
City Stockyards Company is a corporation whose business,
or principal business, is of like character to that of a
merchant, and is a merchant within the purview of sec-
tion 1318 of the Code of Iowa, and was such during all
of the years referred to in the notice served upon the ob-
jector.   That during all of said years, 1903, 1904, 1905,
1906, and 1907, all of the property, real and personal
of the Sioux City Stockyards Company was assessed and

taxed strictly in conformity with said section 1318, and said company furnished all of the information and evidence required by the statutes of Iowa, and said .assessment was not changed nor altered by any board of review or other reviewing tribunal, and the Sioux City Stockyards Company seasonably and promptly paid all of said taxes so levied during any and all of said years, and such assessment and taxation and the method observed in so assessing and taxing the property of said corporation constitutes a final determination and adjudication of all questions relative to the taxation of said shares of stock, and Woodbury County and its authorities and all of those interested in said proposed assessment are concluded and estopped from questioning the act of said assessors.

After hearing evidence of the facts concerning the . nature of the business of the stockyards company and of the number and value of its shares, the treasurer overruled the demand of Shontz and the county for the assessment ·of said shares. The decision was in writing, and is as follows:

In the matter of the county treasurer assessing the corporate stock of the Sioux City Stockyards for the years 1902 to 1907, inclusive, the following facts were agreed on, admitted by all parties or undisputed in the evidence offered before me, to wit: That the assessor made an examination of the character of the business carried on by the corporation for each of these years, and conferred with the officers of the company, and decided that the corporation was assessable as a merchant under section 1318, and not on its corporate stock under section 1323 of the Code of Iowa, as a corporation not otherwise assessable. That such assessment was made in good faith and not procured by fraud, and that a large and profitable part of this business at least was selling hay and feed, merchantable in character. I, as treasurer, am asked to decide the same question that the assessors had to before they made the assessments, to wit, whether the stockyards company was assessable as a merchant or on its corporate stock as not otherwise assessable. The assessor must have decided that "the business or principal business

(of this corporation) was of like character" to that of a merchant under the wording of section 1318, and not under section 1323. The law made it his duty to decide what its principal business was and he had a right so to decide, and, if he had such duty and right and did so exercise it by determining that it was assessable as a merchant, such assessment can not be void. It was stated in the argument by Mr. Shontz's counsel that I must find the acts of the assessor absolutely void, and all taxes assessed and paid thereunder illegal in order to give me the right to assess the capital stock as omitted property or property not otherwise assessed. This I do not think I can do. The county treasurer has no more authority than the assessor, does not act as a reviewing officer for all the acts of the assessor in the county, and can not redecide the same questions, even though the treasurer might, from the evidence now presented, come to a different decision from that made by the assessors. This question that the treasurer can not review the acts of the assessor, where such assessor had authority to act and did act, has been decided by the Iowa Supreme Court, and I will follow those decisions until this court decides otherwise.

I therefore decide that there is nothing left for me to assess against the stockyards company, or its corporate stock.

No attempt appears to have been made to obtain a review of the decision by certiorari or otherwise. Later this action in mandamus was instituted by the county and Shontz as joint plaintiffs, alleging the facts as to the omission of the corporate shares from taxation, the assessment of the corporate property under the provisions of Code, section 1318, and, after setting forth the proceedings had before the county treasurer with the facts which had been stipulated and agreed to upon said hearing and the written decision made by such officer, the allegation is made that, notwithstanding the demand of the plaintiffs, the treasurer refused to determine the matter before him except as shown by the written decision, and refused to list and assess said shares for taxation. Upon this showing, a demand is made

for a peremptory writ of mandamus commanding said treasurer "to proceed upon the facts and evidence before him to assess, in the assessment district of Sioux City, Iowa, and extend upon the tax lists of said county against each of the parties named a tax upon the shares of stock in said Sioux City Stockyards Company held by each of said persons on the 1st day of January of each of the years, 1903, 1904, 1905, 1906 and 1907, at the rate of taxation fixed by the authorities for each of said years" with interest, etc. To this petition the treasurer demurred on the following grounds: (1) It appears from the allegations of plaintiffs' petition that the question as to whether the Sioux City Stockyards Company should be assessed under Code, section 1323, or section 1318, was fully investigated by the assessor, and he determined that said company should be assessed as a merchant under the latter section, and said company was so assessed during each of the years 1903, 1904, 1905, 1906, and 1907. (2) It appears from the allegations of plaintiffs' petition that this defendant has fully considered and determined that the stock of the Sioux City Stockyards Company is not subject to assessment as property withheld or omitted from assessment under Code, section 1374. (3) It appears from the allegations of plaintiffs' petition that the stock of the Sioux City Stockyards Company can not be assessed for any of the years named in said petition. (4) This court has not jurisdiction to determine the assessable value that should be placed upon the stock of the Sioux City Stockyards Company, nor to direct the treasurer to assess said stock at any fixed value. (5) The facts stated in the petition do not entitle the plaintiffs to the relief demanded.

This demurrer was sustained, the petition dismissed, and plaintiffs appeal.

If this case presented the single question whether the assessor having determined that the corporate property was assessable under Code, section 1318, thereby exempt-

ing the shares from taxation, and such assessment having passed the board of review unchallenged, it is competent for the county treasurer or within his jurisdiction to review such assessment or to correct the mistake if any by listing and taxing the omitted shares the court might not be entirely unanimous as to its correct solution, but there is another question arising upon the face of the record which, we are united in holding, must dispose of the appeal adversely to the appellant.

The action of mandamus is employed "to obtain an order on an inferior tribunal, board, corporation or person to do or not to do an act the performance or omission of which the law enjoins as a duty resulting from an office, trust, or station. Where discretion is left to the inferior tribunal or person mandamus can only compel it to act but can not control such discretion." Code, section 4341. Without at all challenging the general soundness of the legal principles stated in appellant's brief or questioning the authorities cited, it appears to us very clear that the conceded facts exclude the remedy by mandamus. While demanding that the treasurer act upon the facts and evidence produced before him and determine the question submitted to his decision, the petition shows that he has already acted and already made his decision. What the appellants really ask the court to do is to command the treasurer to act again, to reverse and set aside the decision made by him, and to make another which shall accord with appellant's view of the law. Certainly this is not the office of mandamus. If the treasurer has any discretion in such cases, if his decision is either judicial or *quasi* judicial, the order made by him may be erroneous, but it is not void, and his errors must be corrected by appeal where a right of appeal is given or by *certiorari* or other appropriate method of review. Mandamus does not contemplate the review of judicial acts or orders. That the treasurer does act judicially in the performance of this

duty we have frequently held. *Bank v. Carroll,* 128
Iowa, 230; *Stevens v. Carroll,* 130 Iowa, 463; *Gibson v.
Cooley,* 129 Iowa, 529. We have so held as to the acts
of the assessor acting within his proper jurisdiction. *Van
Wagenen v. Supervisors,* 74 Iowa, 716; *Judy v. Bank,*
133 Iowa, 252. In the proceeding before the treasurer
we find all the essential elements of a judicial hearing.
The county, or the ferret acting in its behalf, informs the
treasurer of an alleged discovery of taxable property which
has been omitted by the assessor, and demands that it be
listed and taxed. Notice is then given the owner of said
property to appear and show cause against the proposed
assessment. At the hearing the parties may appear in per-
son or by counsel, and, the owner having stated his ob-
jections, evidence is or may be offered in support of both
claim and defense. The issue thus made is decided by
the treasurer. The authority to decide a disputed ques-
tion implies the exercise of discretion, and this implies
the right to decide it for or against the contention of either
party. As an abstract proposition, the decision may be
wrong, but the wrong is not to be righted by a writ of
mandamus. *Meyer v. Dubuque County,* 43 Iowa, 592.
The case here cited would seem to be quite in point with
the one at bar. There the plaintiff sought to compel by
mandamus the striking from the assessment roll certain
moneys and credits which she claimed had been listed
without authority. In holding that the remedy was inap-
propriate, the court, after quoting the statute on man-
damus, says: "The Code provides a board of equalization,
and authorizes any one aggrieved to appear before such
board, and have any error in assessment corrected. It is
clear that such board is vested with a judicial discretion.
It must examine the case, consider the facts presented,
and then decide. If such board refuses to act at all, it
omits a duty, and may be compelled by writ of mandamus
to discharge that duty. But the petition does not allege

any refusal of the board to act. On the contrary, it avers that plaintiff petitioned the proper officers of the county to strike out the assessment, and that they acted upon his application and refused to strike out the assessment. Now, if the writ should issue, it would compel the board to do only what they have done, to wit, to act upon the application. Hence there has been no omission of duty, and from the showing made in the petition there is no cause for the writ of mandamus." We see no reason why the law which is here applied to the functions of the board of review is not equally applicable to the somewhat similar functions exercised by a county treasurer in adding property to an assessment roll.

Without, therefore, entering upon any consideration of the merits of the claim that these shares of corporate stock should have been listed and assessed, we are constrained to hold that the remedy by mandamus is not available to the appellants, and that the demurrer to their petition was properly sustained.

The judgment of the district court is *affirmed.*