THE FEDERAL CONTRACTING CO., Appellant, v. THE BOARD OF SUPERVISORS OF WEBSTER COUNTY, IOWA, and others.

Mandamus: NATURE OF WRIT. The office of mandamus is to compel an officer to take some action regarding a matter of which he has supervision, but if the same involves an exercise of judgment or discretion the court will not undertake to control the conclusion or result of his action, unless fraud and collusion are made to appear. Thus mandamus will not lie to compel a drainage engineer and board of supervisors to approve the performance of a drainage contract and to levy an assessment therefor, where the refusal to approve the same was based on a mere error; as whether the contract had been fully performed.

Same: BURDEN OF PROOF. One alleging that refusal of drainage officers to approve a drainage contract and levy an assessment there-

for was collusive and fraudulent has the burden of proof on that issue.

**Same:** DENIAL OF WRIT: PROCEDURE. In mandamus proceedings to compel the acceptance of a drainage project and the levy of an assessment therefor, in which the relator sought recovery on the contract only and not upon *quantum meruit,* and he was not entitled to mandamus because the contract had not been fully performed, the order denying the writ will be affirmed and the cause remanded for the purpose of allowing the relator to amend his pleading and try out his right to recover on *quantum meruit* in a law action.

*Appeal from Webster District Court.*—HON. R. M. WRIGHT, Judge.

MONDAY, DECEMBER 18, 1911.

PLAINTIFF asks a writ of *mandamus,* requiring the board of supervisors to levy an assessment upon the lands within a certain drainage district for the payment of the cost of the ditch, and for other relief. The trial court denied the relief sought, and plaintiff appeals. The facts, so far as material for the disposition of the appeal, are stated in the opinion—*Affirmed* and *remanded.*

*Healy & Healy,* for appellant.

*Kenyon, Kelleher & O'Connor, F. A. Grosenbaugh,* and *M. J. Mitchell,* for appellees.

WEAVER, J.—Drainage district No. 5, in Webster county, having been duly established, the contract for constructing the ditch was let to the plaintiff at a stated price per cubic yard of excavation. Eighty percent of the compensation thus agreed upon was to be paid as the work progressed upon monthly estimates made by the engineer in charge of the construction. Concerning the remaining twenty percent of the sum thus earned, the contract pro-

vided that, "when said improvement is completed to the satisfaction of the engineer in charge of the work and accepted by the board of supervisors of Webster county, the engineer shall certify such facts to the county auditor and the county auditor shall draw a warrant for the balance due from Webster county."

Plaintiff alleges that it excavated the ditch according to contract; that the same was done under the charge and direction of engineers appointed by the board of supervisors for that purpose; that said engineers made and reported monthly estimates of the work done during the period of its prosecution; and that upon said estimates plaintiff has been paid eighty percent of the contract price for its services; but, notwithstanding the entire work called for by said contract has been fairly and fully performed in the manner provided by said agreement, the defendants refuse to pay the remaining twenty percent of the stipulated compensation, or to issue warrants therefor, or to make assessment upon the drainage district to provide the means for such payment. It is further alleged that defendants, with some of the property owners within the district, have wrongfully conspired to cheat and defraud the plaintiff out of the unpaid remainder of the contract price for the work, and that in pursuance of such unlawful confederation the county engineer, who is made a party defendant, has corruptly and without cause refused the plaintiff's demand that he certify to the county auditor the completion of the ditch according to contract. It is still further charged that as part of said alleged conspiracy the supervisors of said county wrongfully agreed that, notwithstanding any certification which might be made by the engineer of the entire performance of the contract, they would not perform the duty imposed upon them by law to order the issuance of warrants for the payment due to the plaintiff. It is also charged that the objections made before the board of supervisors to the payment of

plaintiff's claim have not been made in good faith, but in pursuance of a conspiracy to cheat and defraud the plaintiff. It is also alleged that moneys raised and appropriated for the construction of the ditch are now in the treasury of the county, and subject to warrant thereon for the payment of the claim in suit. *Mandamus* is therefore prayed to compel the engineer to issue certificates to the auditor and board of supervisors of the completion of the ditch according to contract, and to compel the auditor to issue his warrant for the payment of the balance due to the plaintiff; and, in the event that funds liable to such payment are not found in the hands of the treasurer, then the board of supervisors be directed to make the proper levy, or to sell the necessary bonds to provide means with which such warrant may be paid.

The defendants concede the execution of the contract with the plaintiff, and the performance by the latter of a large amount of work in the construction of the ditch, and the payment thereof of at least eighty percent of the stipulated price. They deny that the work has been completed according to contract, or that plaintiff is entitled to demand or receive the remainder of the contract price, or any part thereof. They also deny all charges of conspiracy and wrongdoing. They further aver that the plaintiff's work, so far as done, has been performed in a negligent and unskillful manner; that the width of the berm provided for in the contract has not been left as agreed upon, with the result that much of the dirt and sods thrown out of the ditch have fallen or been washed by the rains back into the excavation; that the slope of the banks of the ditch has been made much steeper than was agreed upon; that in many places the ditch as made is less in cross section than is called for by the contract, and overhanging sods and dirt have not been removed; that the bottom of the ditch has been left in rough and irregular condition, and not in accordance with the grades, plans, and specifications

provided for the guidance of the plaintiff. It is also alleged that by the terms of the contract the plaintiff undertook and agreed to keep each mile of the ditch in good condition and repair at its own expense until the same was finally accepted by the parties of the first part, each mile to be accepted by the first parties when completed according to the specifications and terms of the contract; but defendants charge that plaintiff has wholly failed in the performance of this duty, and aver that no mile of said ditch has even been accepted, and that no mile of its course has in fact ever been completed or kept in repair according to the contract. Other matters are pleaded, but sufficient has been stated for the purposes of this opinion.

The engineer, answering separately, takes issue upon the allegations of the petition as against himself, and denies the completion of the work, setting out numerous details with respect to which the plaintiff is alleged to have failed in the due performance of its contract. A very large amount of testimony was heard, and at the close of the trial the court found the plaintiff not entitled to the relief prayed for, and dismissed the petition.

In nearly all essential particulars, this case is quite parallel in fact and circumstance with that of *Littell v. Webster County,* reported in 152 Iowa, 206, and reference thereto will sufficiently disclose the view taken by this court of the law applicable to issues of this nature. There is no occasion, therefore, for us to repeat the discussion there found, or to review again the authorities cited by counsel.

It was there held that, assuming *mandamus* to be under some circumstances an available remedy to control the action of a drainage engineer and board of supervisors, who refuse to approve the work of a contractor, it must be limited to cases where fraud is shown, and that it will not lie to review errors of judgment on part of such officers. It requires

1. MANDAMUS: nature of writ.

but little reflection to see the justice and propriety of this rule. Generally speaking, the sole office of *mandamus* is to compel the officer to whom it is directed to act, and if the thing which he neglects to do involves the exercise of judgment or discretion it is not within the province of the court to prescribe or order the result or conclusion at which he must arrive. In other words, while it may compel him to act, it can not control his judgment. His judgment may be erroneous, and the conclusion at which he arrives may be radically wrong, but the remedy of the party suffering prejudice therefrom is not to be found in *mandamus*. If in fact he has acted, and fraud and collusion are not made to appear, then nothing is left to which such proceedings are applicable. In point upon this discussion, see *Woodbury Co. v. Talley*, 147 Iowa, 498.

Apparently recognizing the force of this proposition, plaintiff charges specifically that in refusing to approve the work and to pay ·for the same defendants did act

2. SAME: burden of proof. corruptly and in pursuance of a conspiracy to cheat and defraud the plaintiff, well knowing that the work had in fact been done in full accord with the contract. This is a serious charge, and the burden of establishing it by proof is upon him who makes it. A review of the record leads us to agree with the trial court that there is a failure of proof in this regard, and therefore *mandamus* was properly refused. It may be true that defendants have shown a disposition to be unduly technical, and to seek grounds for fault-finding in matters of minor import, which they had given plaintiff reason to think would not be insisted upon, and that for other things for which plaintiff is not at fault they seek to hold it responsible; but these are the familiar tactics of parties engaged in legal strife, and are not necessarily evidence of corruption or bad faith. A good defense to an action on the contract is pleaded, and evidence is offered in its

support.   Whether the defense has been established, we need not undertake to determine.

We have here, upon part of plaintiff, a demand for *mandamus,* requiring the payment of the contract price for work done.   This demand is met by an admission of the contract and of work partly performed there-

3. SAME: denial of writ: procedure.

under, but alleging that the agreement is yet unperformed in many respects of more or less importance, by reason of which plaintiff has no right to invoke *mandamus.*   No relief is asked on a *quantum meruit.*   It is manifest that the record does not present a case in which, having denied mandamus, we can award a recovery on the contract, or on *quantum meruit.*   For the trial of such issues, actions at law or in equity, according to the relief sought, are authorized by our system of procedure.   The aid of *mandamus* or other extraordinary writ is not required.   If, however, on trial being had, the plaintiff is found entitled to recover, and defendants shall then persist in refusing to pay or to provide funds for that purpose, all appropriate writs to compel compliance with the judgment will be available to the plaintiff.

Such being our view, there is no occasion to dwell upon the many other propositions advanced by the appellant, and supported by the elaborate and well-prepared briefs of counsel.   While we are agreed that the decree below must be affirmed, in so far as it denies the writ of *mandamus,* we are still disposed to follow the precedent afforded by our order in *Littell v. Webster County,* 152 Iowa, 206, and remand the case to the court below, with right to the parties to amend their pleadings, if so advised, and for the trial by appropriate methods of the question whether plaintiff is entitled to recover upon its contract, cr upon *quantum meruit,* any part or all of the agreed compensation which, it is conceded, is still withheld by the defendants.   As thus modified, the decree of the district court is *affirmed* and the cause *remanded.*